**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**David C. WORKMAN, Defendant–Appellant.**

**No. 92CA1503.**

Colorado Court of Appeals, Div. II.

June 2, 1994.

Rehearing Denied July 7, 1994.

Certiorari Denied Dec. 19, 1994.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Eric V. Field, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge KAPELKE.

Defendant, David C. Workman, appeals a judgment of conviction entered upon a jury verdict finding him guilty of second degree assault. We affirm.

In the course of severing a relationship with the defendant, the victim enlisted the help of three friends to retrieve the key to her apartment from defendant. In the early hours of December 31, 1991, the group drove to an apartment where defendant was staying. There, defendant confronted the victim and told her to come and get the keys from him. When the victim tentatively approached him, defendant quickly pulled a kitchen knife from his coat and attempted to stab her in the chest. The victim raised her arm to block the knife, and defendant cut her arm. Defendant then repeated previous threats he had made to kill the victim.

As a result of the defendant's attack, the radial vein, nerves, and tendons in the victim's wrist were cut. Reconstructive surgery was required to repair the extensive damage to the victim's wrist, and, at trial, she testified that she still has pain and numbness in her hand as a result of the injury.

## I.

Defendant first argues that the trial court erred in refusing to give his tendered jury instruction on the lesser included offense of third degree assault. We disagree.

A defendant is entitled to a jury instruction on a lesser included offense if there is evidence to support such an instruction. *Bowers v. People*, 617 P.2d 560 (Colo. 1980). However, the court is not obligated to instruct the jury with respect to a lesser included offense unless there is a rational basis for acquittal on the offense charged and conviction on the included offense. Section 18–1–408(6), C.R.S. (1986 Repl.Vol. 8B); *People v. Campbell*, 678 P.2d 1035 (Colo.App. 1983). The "mere chance of the jury's rejection of uncontroverted testimony and conviction on the lesser charge" does not require the trial court to instruct the jury on the lesser charge. *People v. Campbell, supra*, at 1041.

Defendant contends there was evidence to support a lesser included offense instruction on third degree assault. Specifically, he claims that he only intended to frighten the victim, that he did not physically harm her before she came to his apartment to retrieve her key, and that the witnesses' testimony about the incident was unclear. We disagree with defendant that these facts required the court to give the tendered instruction.

Defendant requested an instruction on the lesser included offense of "third degree assault, criminal negligence with a deadly weapon." The pertinent elements of assault in the third degree, as contained in the tendered instruction are that the defendant:

3. with criminal negligence

4. caused bodily injury to another person

5. by means of a deadly weapon.

*See* § 18–3–204, C.R.S. (1986 Repl.Vol. 8B); *COLJI–Crim.* No. 10:13 (1983).

By contrast, the offense of second degree assault, of which defendant was convicted, includes the requirement that defendant "*recklessly* causes serious bodily injury to another person." Section 18–3–203(1)(d), C.R.S. (1986 Repl.Vol. 8B) (emphasis added); *COLJI–Crim.* No. 10:10 (1983).

Here, the record would not support a finding that the stabbing by defendant was mere criminal negligence rather than, at a minimum, recklessness.

A person acts with criminal negligence "when, through a gross deviation from the standard of care that a reasonable person would exercise, he fails to perceive a substantial and unjustifiable risk that a result will occur or that a circumstance exists." Section 18–1–501(3), C.R.S. (1986 Repl.Vol. 8B).

In contrast, a person acts recklessly "when he *consciously* disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists." Section 18–1–501(8), C.R.S. (1986 Repl.Vol. 8B) (emphasis added).

Here, eyewitnesses testified, without contradiction, that defendant thrust the knife at the victim's chest and that the knife entered the victim's wrist as she raised her arm to avert the thrust. Both the victim and defendant's roommate further testified that, during the stabbing, defendant threatened to kill the victim.

Unlike the situation in *People v. Smith*, 682 P.2d 493 (Colo.App.1984), here there was simply no evidence to support a finding that the defendant's assault with a deadly weapon had been made with anything less than a "conscious disregard" of the risk to the victim.

Accordingly, we conclude that, under the circumstances presented here, the court did not err in refusing to instruct the jury on the lesser included offense of third degree assault.

## II.

Defendant next contends that the trial court erred by improperly admitting certain evidence of other similar transactions. We disagree.

Defendant argues that the following evidence was inadmissible: (1) the victim's testimony that defendant had vandalized her car on the night before the assault; (2) the roommate's testimony that, soon after the assault, he had discovered a fire in the victim's kitchen; and (3) the victim's testimony that when she returned from the hospital the morning after the assault some of her personal belongings were missing and that there had been a fire in the kitchen sink.

The trial court determined that the above testimony was admissible because it was proper *res gestae* evidence. Alternatively, the court ruled that, even if the testimony did not constitute *res gestae* evidence, it was nevertheless admissible as similar transaction evidence under CRE 404(b).

### A.

Defendant first argues that the *res gestae* principle was abolished when the Colorado Rules of Evidence were adopted in 1980. We disagree.

Evidence of other criminal conduct occurring contemporaneously with, or as part and parcel of, the crime charged is considered part of the *res gestae* of that offense, and is not subject to the general rule excluding evidence of prior criminal acts. Such evidence is admissible if it is relevant and if its probative value is not substantially outweighed by the unfair prejudice to the defendant. *People v. Czemerynski,* 786 P.2d 1100 (Colo.1990).

Defendant provides no persuasive authority for his contention that the *res gestae* principle has been abolished in Colorado. While defendant argues that the principle was superseded by the adoption of the Colorado Rules of Evidence, we note that the federal courts allow evidence of a defendant's acts independent of Fed.R.Evid. 404(b) when such evidence is "inextricably intertwined" with the crime charged. *See, e.g., United States v. Foster,* 889 F.2d 1049 (11th Cir.1989) (when evidence is "inextricably intertwined," Fed.R.Evid. 404(b) does not apply).

Moreover, since the decision in *People v. Czemerynski, supra,* postdates the adoption of the Colorado Rules of Evidence by several years, our supreme court's recognition and application of the *res gestae* principle in that case would appear to refute defendant's contention.

### B.

Defendant's final argument is that the evidence was inadmissible because its probative value was substantially outweighed by the danger of unfair prejudice. Again, we disagree.

CRE 403 provides that the trial court may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." A trial court's determination that the probative value of evidence outweighs the prejudice to a defendant will not be disturbed on appeal absent an abuse of discretion. *People v. Czemerynski, supra.* The trial court abuses its discretion only when its evidentiary ruling is arbitrary, unreasonable, or unfair. *People v. Milton,* 732 P.2d 1199 (Colo.1987). We find no abuse of discretion in the trial court's admission of evidence of defendant's other acts.

Finally, even if we assume arguendo that the evidence to which defendant objected was improperly admitted, any such error was harmless in light of the overwhelming evidence of defendant's guilt. *See People v. Drake,* 841 P.2d 364 (Colo.App.1992).

The judgment is affirmed.

METZGER and JONES, JJ., concur.