The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Troy James STAFFORD, Defendant–Appellant.

No. 93CA1366.

Colorado Court of Appeals, Div. IV.

Dec. 1, 1994.

Rehearing Denied Jan. 5, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Martin Gerra, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge CASEBOLT.

Defendant, Troy Stafford, appeals a judgment of conviction entered on a jury verdict finding him guilty of two counts of second degree assault. We reverse and remand.

Defendant was arrested on suspicion of automobile theft. At the police station, the arresting officer handcuffed defendant with his hands behind his back because of his "belligerence and threatening comments" and placed him in a holding cell. Defendant maneuvered his hands so that they were cuffed in front of him and he reached through the portal of his holding cell and grabbed the bag containing his property. The officer ordered him to push it back through, but defendant refused to do so.

According to the People, when the officer entered the cell to retrieve the property bag, defendant charged at the officer, swinging with his cuffed hands. As a result, the officer sustained an injury. The People also presented evidence that, when a second officer entered the cell, defendant was striking the first officer in the head and chest and trying to kick him. The second officer was also injured when defendant backed against a wall, pinning that officer's hand to the wall.

Defendant presented a different version of the events which transpired in the holding cell. According to defendant, the only action he took was to raise his arms in self defense in order to block what he perceived to be a forthcoming attack by the first officer.

Defendant was convicted of second degree assault on each officer. The jury found defendant guilty of both counts under each of the alternative theories, § 18–3–203(1)(c), C.R.S. (1986 Repl.Vol. 8B) and § 18–3–203(1)(f), C.R.S. (1994 Cum.Supp.). We conclude that the verdicts were flawed under each theory and therefore reverse and remand for a new trial.

## I.

Defendant first argues that his convictions for second degree assault under § 18–3–203(1)(f), C.R.S. (1994 Cum.Supp.) should be vacated because the jury instructions failed to set out a culpable mental state for the act of "violently appl[ying] physical force." We agree.

Defendant did not object to the instructions given; therefore, we review this contention under a plain error standard. *People v. McClure,* 779 P.2d 864 (Colo.1989). Plain error occurs when the error so undermines the fundamental fairness of a trial as to cast serious doubt on the reliability of defendant's conviction. *People v. Wood,* 743 P.2d 422 (Colo.1987).

Section 18–3–203(1)(f) C.R.S. (1994 Cum.Supp.) does not specify a particular culpable mental state for the act of "violently appl[ying] physical force" to another person. However, in *People v. Hart,* 658 P.2d 857 (Colo.1983), our supreme court held that the culpable mental state "knowingly" is required for a conviction. Accordingly, this mental state must be included in the instruction setting forth the elements of the crime.

Nevertheless, the court in *People v. Hart, supra,* concluded that omission of a culpable mental state in the elemental instruction was not plain error because the joint operation instruction given to the jury there defined

"knowingly" and "intentionally," leaving no doubt that the minimum culpable mental state of "knowingly" was required for conviction under each charge.

Defendant argues that *People v. Hart, supra,* is inapposite here because the joint operation instruction included the culpable mental state "recklessly," which was the mental state required for conviction under a theory of third degree assault. According to the defendant, the jury could therefore have convicted him of second degree assault using this lesser mental state. We agree that there was nothing in the instructions which prevented application of the culpable mental state "recklessly" to second degree assault, and therefore, the jury was improperly instructed.

The People contend that there was no plain error here because the defendant presented only a theory of self-defense. They argue, moreover, that he acted knowingly in struggling against the officers, and therefore, the jury could not have applied the mental state "recklessly." We conclude that the jurors could have found that the defendant did not act in self-defense, and still could have believed that the prosecution had not proven that defendant knowingly applied violent physical force. Accordingly, defendant's convictions under § 18–3–203(1)(f), C.R.S. (1994 Cum.Supp.) must be reversed.

## II.

Defendant next argues that the trial court erred in refusing to instruct the jury that obstructing a peace officer under § 18–8–104, C.R.S. (1994 Cum.Supp.) was a lesser included offense of second degree assault under §§ 18–3–203(1)(c) and 18–3–203(1)(f), C.R.S. (1986 Repl.Vol. 8B). We agree.

In *People v. Rivera,* 186 Colo. 24, 525 P.2d 431 (1974), our supreme court held that an offense is deemed a lesser included offense when proof of the essential elements of the greater offense necessarily establishes every essential element of the lesser included offense. In conducting this analysis, the *Rivera* court mandated a "statutory test," under which the statutes, rather than the evidence, establish the essential elements of the offenses.

### A.

Section 18–3–203(1)(c), C.R.S. (1986 Repl.Vol. 8B) states that the crime of assault in the second degree is committed if: 1) with intent to prevent one whom he or she knows, or should know, to be a peace officer or firefighter from performing a lawful duty, a person (2) intentionally causes bodily injury to any person.

The crime of obstructing a peace officer occurs when: (1) by using or threatening to use violence, force, physical interference, or an obstacle, (2) an individual knowingly obstructs, impairs, or hinders the enforcement of the penal law or the preservation of the peace by a peace officer acting under color of official authority. Section 18–8–104(1)(a), C.R.S. (1994 Cum.Supp.).

A comparison of the two statutes reveals that all of the elements contained in the definition of obstruction of a peace officer would be necessarily established by the proof of the elements of second degree assault under § 18–3–203(1)(c). One who intentionally prevents a peace officer from performing lawful duties by intentionally inflicting bodily injury necessarily has also knowingly obstructed, impaired, or hindered through violence, force, interference, or obstacle the preservation of peace by a peace officer acting under color of official authority. Accordingly, we conclude that obstruction of a peace officer is a lesser included offense to second degree assault under § 18–3–203(1)(c), C.R.S. (1986 Repl.Vol. 8B).

### B.

Similarly, under § 18–3–203(1)(f), C.R.S. (1994 Cum.Supp.), the crime of assault in the second degree is committed if a person: (1) while lawfully confined in custody, (2) knowingly violently applies physical force against the person of a peace officer or firefighter engaged in the performance of his or her duties. *See People v. Hart, supra.* Again, proof of the knowing and violent application of physical force against a peace officer engaged in the performance of duties would necessarily prove the elements of obstruction: knowingly obstructing, impairing, or hindering the enforcement of the penal law

or preservation of the peace by using or threatening to use violence, force, physical interference or an obstacle. Thus, obstruction of a peace officer is a lesser included offense under this subsection as well.

## C.

■ However, a trial court is not required to give a lesser included offense instruction unless there is some evidence tending to establish the lesser included offense and there is a rational basis upon which the jury may acquit the defendant of the greater offense but convict him or her of the lesser. *People v. Naranjo,* 200 Colo. 1, 612 P.2d 1099 (1980); *People v. Skinner,* 825 P.2d 1045 (Colo.App.1991). Hence, we must determine whether these tests are likewise met.

■ As to the charges under § 18–3–203(1)(c), there was evidence that defendant reached through a portal in his holding cell and grabbed a bag containing his property, refused to return it, and physically resisted attempts to retrieve it. Accordingly, there was some evidence that defendant intended to obstruct the officers in their duties of booking defendant and inventorying his property.

However, the jury could have rationally believed that defendant did not *intend* to cause bodily injury to the officers and, thus, could have acquitted the defendant of second degree assault under that subsection of the statute, while still finding that there was sufficient evidence to conclude that he knowingly obstructed the officers. While we note that defendant here acknowledged that the officers sustained bodily injury, there is no admission that defendant *intended* to act in a manner that would cause such injury.

Therefore, under the factual circumstances present here, the trial court's failure to instruct the jury that obstruction of a peace officer under § 18–8–104 was a lesser included offense of second degree assault under § 18–3–203(1)(c) was error requiring a new trial.

As to the charges under § 18–3–203(1)(f), defendant testified that the only action he volitionally took after the first officer entered the cell was to raise his arms. If defendant's testimony was believed, the jury could have found that defendant therefore knowingly obstructed or hindered the first officer's attempt to retrieve the property bag and used an obstacle or physical interference for that purpose. The jurors could have further believed that defendant did not knowingly and violently apply physical force against the officers and that the officers' injuries were sustained when they pushed defendant against a wall of the holding cell.

Therefore, under the factual circumstances present here, the trial court's failure to instruct the jury that obstruction of a peace officer under § 18–8–104 was a lesser included offense of second degree assault under § 18–3–203(1)(f) was also error requiring a new trial.

## III.

■ The defendant next argues that he was entitled to an acquittal because there was insufficient evidence from which the jury could conclude that defendant intentionally caused bodily injury to the second officer that entered the cell. We disagree.

■ In reviewing a sufficiency of the evidence claim, we must view the evidence in the light most favorable to the prosecution, giving the prosecution the benefit of every reasonable inference which might be fairly drawn from the evidence. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

Here, the testimony by the officers present during the altercation indicates that during the struggle defendant was kicking at all of the officers and continued to kick at the officers during their efforts to subdue him and shackle his hands and legs. Additionally, the testimony of the second officer indicates that defendant was intentionally kicking and contorting his body in an attempt to inflict bodily injury on him and to resist being subdued. Accordingly, viewed in the light most favorable to the prosecution, there was sufficient evidence that defendant intended to cause bodily injury to the second officer.

## IV.

Defendant asserts that the verdict forms for the second degree assault counts under § 18–3–203(1)(c) were so ambiguous as to render the jury verdicts uncertain and therefore violate his right to due process.

We need not reach this issue because of our decision to reverse defendant's convictions and remand for a new trial. However, on remand the verdict forms should be corrected to track the language of the charged counts and clarify which counts related to each officer allegedly assaulted.

## V.

Finally, defendant contends that the trial court improperly admitted evidence regarding his prior arrests and behavior toward police officers. Again, because of our disposition of this case, we need not reach this issue. In addition, we conclude that this issue is unlikely to arise on retrial because a proper motion in limine will foreclose the improper use of prior conduct evidence.

The judgment of conviction is reversed and the cause is remanded for a new trial consistent with the views expressed in this opinion.

MARQUEZ and ROTHENBERG, JJ., concur.