**The PEOPLE of the State of Colorado, Plaintiff–Appellant and Cross–Appellee,**

**v.**

**Marjyna C. JONES, Defendant–Appellee and Cross–Appellant.**

**No. 95CA1135.**

Colorado Court of Appeals,
Div. II.

Dec. 12, 1996.

Rehearing Denied Jan. 16, 1997.

Certiorari Denied Sept. 8, 1997.

Office of the District Attorney, Robert R. Gallagher, Jr., District Attorney, James C. Sell, Chief Deputy District Attorney, Englewood, for Plaintiff–Appellant and Cross–Appellee.

Lloyd L. Boyer, P.C., Lloyd L. Boyer, Englewood, for Defendant–Appellee and Cross–Appellant.

Opinion by Judge CRISWELL.

Pursuant to § 16–12–102, C.R.S. (1996 Cum.Supp.), the People appeal from the district court's order granting the defendant a new trial under Crim. P. 33(c). Defendant cross-appeals. We dismiss defendant's cross-appeal and affirm the order directing a new trial.

Defendant, while incarcerated for other convictions, was charged with two counts of second degree assault in violation of § 18–3–

203(1)(c), C.R.S. (1986 Repl.Vol. 8B). The charges arose from incidents which occurred at the medical unit where defendant was receiving treatment for seizures. A sheriff's deputy and a nurse were injured as they attempted to prevent defendant from leaving the unit. The defendant asserted that the acts were the result of involuntary body movements while she was suffering or recovering from a seizure.

Defendant was convicted of one count of second degree assault under § 18–3–203(1)(c), as well as the lesser offense of third degree assault upon the deputy sheriff under § 18–3–204, C.R.S. (1986 Repl.Vol. 8B). She was acquitted of assaulting the nurse.

After her conviction, defendant moved either for a judgment of acquittal or for a new trial based on the then recent holding in *People v. Stafford*, 890 P.2d 244 (Colo.App. 1994), in which a division of this court ruled that obstruction of a peace officer is a lesser included offense of second degree assault. Because no lesser included offense instruction had been given with respect to the alleged assault upon the deputy sheriff, the district court granted defendant a new trial under Crim. P. 33(c).

The People appeal from that ruling, and defendant has cross-appealed, arguing that the evidence was insufficient to support her conviction and that a new trial would violate principles of double jeopardy.

## I.

As a threshold matter, we must first determine whether a defendant in a criminal case can prosecute an appeal from an order of the district court, entered at that defendant's request, directing that the previous conviction be set aside and that a new trial be granted. We conclude that she cannot.

The jurisdiction of this court rests upon the grant of authority from the General Assembly. *See* Colo. Const. art. VI, § 1; § 13–3–101, C.R.S. (1996 Cum Supp.). With certain exceptions not pertinent here, this court has been granted jurisdiction only "over appeals from *final judgments* of the district courts." Section 13–4–102(1), C.R.S. (1987 Repl.Vol. 6A) (emphasis supplied).

Significantly, however, an order granting a new trial is not generally considered to be a final judgment; it does not dispose of the case. Hence, as a general rule, an appeal will not lie from such an order, whether entered in a civil case, *Chartier v. Winslow Crane Service Co.*, 142 Colo. 294, 350 P.2d 1044 (1960), or in criminal proceedings, *People v. Cochran*, 176 Colo. 364, 490 P.2d 684 (1971).

Here, by recent amendment, § 16–12–102(1), C.R.S. (1996 Cum.Supp.) now provides that "the prosecution" may appeal "any order of the trial court granting a new trial...." Prior to the adoption of that amendment, the People could not institute such an appeal. *People v. Smith*, 921 P.2d 80 (Colo. App.1996).

That statute, according to its plain terms, applies only to "the prosecution"; it does not purport to vest a defendant with the right to appeal from such an interlocutory order. The reason it is so limited is self-evident. Absent manifest necessity, a new trial may not be granted at the request of the prosecution; it is, therefore, at the request of the defense that such relief is afforded. *See* 4 C. Torcia, *Wharton's Criminal Procedure* § 517 at 338–339 (13th ed.1992). And, an order setting aside a prior conviction and ordering a new trial does not, itself, aggrieve a defendant who asks for such relief.

■ In any event, we conclude that, because an order directing that a new trial be conducted is not a final judgment under § 13–4–102 and there is no other statute authorizing such an appeal, we have no jurisdiction over a defendant's appeal from such an order, even if, as here, that defendant asserts that a new trial would violate his or her rights. Such issues must be presented to the trial court during the course of the new trial proceedings, by a petition to our supreme court under the Colorado Constitution art. VI, § 3, or in an appeal from a later final judgment of conviction. Hence, the cross-appeal must be dismissed.

## II.

The People contend that the district court erred in granting defendant a new trial pursuant to Crim. P. 33(c). We disagree.

Crim. P. 33(c), like its federal counterpart, Fed.R.Crim.P. 33, authorizes a trial court to grant a defendant's request for a new trial "if required in the interest of justice." While it may be difficult to describe with particularity the precise contours of authority that this provision grants to a trial court, it is clear that it has the effect of vesting discretion in the court to grant a new trial in circumstances in which the entry of a judgment of acquittal or other relief would not be appropriate. *See United States v. Simms,* 508 F.Supp. 1188 (W.D.La.1980).

Here, defendant was charged with assaulting two persons while she was incarcerated. Although she was initially charged with two counts of assault in the second degree, the jury was also instructed upon the lesser non-included offense of third degree assault with respect to each victim. No instruction with respect to any lesser included offense was given. The jury returned verdicts, finding defendant guilty of both second and third degree assault with respect to one victim and not guilty of any assault upon the second victim.

In preparing the various written instructions for the jury, the court engaged in the not uncommon practice of first holding an informal, off-the-record conference with counsel, and after the court had determined the instructions that it was to give, it provided counsel an opportunity, on the record, to register any objections and to tender any additional instructions. In that record, there is no objection by defendant to the court's proposed instructions on the basis that they failed to advise the jury that she could be convicted of the lesser included offense of obstruction of a peace officer.

After the verdicts were returned here, but before defendant was sentenced, *i.e.,* before any judgment of conviction became final, a division of this court announced its decision in *People v. Stafford, supra,* which reversed a judgment of another division of the same district court before which defendant was tried and concluded that the lesser offense of obstructing a peace officer was included within the offense of second degree assault of which defendant here was convicted.

After considering the *Stafford* decision, the trial court concluded that the interests of justice required that defendant be accorded a new trial. It based its conclusion upon, among other things, the fact that, had the jury been instructed upon this lesser included offense and had defendant been convicted only of that crime, the court would have been given substantially greater discretion in its sentencing decision.

The People argue, however, that, because defendant did not object to the instructions given or tender a proper lesser included offense instruction, the court lacked authority to grant a new trial under Crim. P. 33(c). We disagree.

■ The omission of a proper jury instruction may constitute prejudicial error requiring a new trial, even in the absence of a proper objection by defendant. Indeed, the *Stafford* opinion itself stands for this proposition (with respect to a second erroneous instruction). Hence, if instructional error amounts to "plain error," the trial court has undoubted authority to grant defendant a new trial, whatever the precise limits of its authority under Crim. P. 33(c) may be.

Further, we need not decide whether the failure to give an unrequested lesser included offense instruction can ever constitute plain error. We conclude, rather, that the standard by which to judge a court's grant of a new trial under Crim. P. 33(c) is whether the court abused its discretion, and there was no such abuse here.

■ The evidence of defendant's guilt here was not overwhelming. As noted, she claimed that she struck no one intentionally, but simply involuntarily hit the officer during her recovery from a seizure. And, she was acquitted of all charges with respect to the nurse.

Given these circumstances, it is reasonably clear that, had she requested a lesser included offense instruction and been refused, as the trial court did in *Stafford,* a new trial

would have been mandatory. And, because there was no clear authority upon the point before *Stafford,* it is not unreasonable to conclude that the failure to request such an instruction was caused by excusable neglect. Particularly if, as here, no final judgment has been entered before the order for a new trial is entered, we cannot say that such order constitutes an abuse of discretion.

Defendant's cross-appeal is dismissed, and the trial court's order directing that a new trial be held is affirmed.

ROTHENBERG and KAPELKE, JJ., concur.