The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Phillip W. DIXON, Defendant–Appellant.

No. 96CA2205.

Colorado Court of Appeals, Div. V.

Dec. 11, 1997.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1995 Cum.Supp.).

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Peter J. Cannici, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Lisabeth P. Castle, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge CASEBOLT.

Defendant, Phillip W. Dixon, appeals the judgment of conviction entered upon jury verdicts finding him guilty of obstructing a peace officer and third degree assault, and the imposition of consecutive sentences for these convictions. We affirm.

Defendant was charged with second degree assault under § 18–3–203(1)(c), C.R.S. 1997, based on his inflicting a bite wound on an officer who was attempting to arrest him. Defendant claimed that he bit the officer in self defense after the victim and other officers battered him during the arrest.

At the close of the evidence, the jury was instructed on second degree assault and, as lesser non-included offenses, obstructing a peace officer, third degree assault, and resisting arrest. Defendant was acquitted of second degree assault and resisting arrest, but convicted of the other charges.

## I.

Defendant contends that his convictions should be vacated because the trial court improperly denied his request for an instruction that obstructing a peace officer constituted a lesser included offense of second degree assault. We disagree.

The People concede that the trial court should have instructed the jury that obstruction was a lesser included offense of second degree assault. *See People v. Stafford,* 890 P.2d 244 (Colo.App.1994). Thus, upon a showing that he was prejudiced by the error, defendant would be entitled to relief.

Concerning his conviction for obstruction, because defendant was not convicted of the greater offense of second degree assault, he cannot prove prejudice as to the court's failure to instruct the jury that obstruction of a peace officer was a lesser included offense. *See People v. Stafford, supra.*

■ Defendant next argues that, had the court instructed the jury that obstruction of a peace officer was a lesser included offense of second degree assault, he would not have submitted instructions charging the non-included offenses of third degree assault and resisting arrest. Under that scenario, defendant argues, he could only have been convicted of obstruction; no conviction for third degree assault could have been obtained.

After the court denied a defense request to submit all three offenses to the jury as lesser included, the defendant was faced with the tactical decision of whether to consent to the submission of any or all of the lessers as *non-included* offenses. *See People v. Skinner,* 825 P.2d 1045 (Colo.App.1991)(lesser nonincluded offense cannot generally be charged absent defense request or consent); *but see People v. Garcia,* 940 P.2d 357 (Colo. 1997) (under certain circumstances, prosecution may request such an instruction).

Defendant chose to have the jury instructed on all three lesser offenses. He did not have to submit an instruction on third degree assault or resisting arrest. He could have chosen to submit only an instruction concerning obstruction of a peace officer, regardless of whether it was a lesser included or a lesser non-included offense. His conviction for third degree assault thus resulted from a tactical decision rather than from the court's error. Accordingly, defendant has failed to show that he was prejudiced by the challenged ruling.

## II.

Defendant next contends that the imposition of consecutive sentences violated his right against double jeopardy. Further, he claims that his convictions for third degree assault and obstructing a peace officer were based on identical evidence and that, accordingly, § 18–1–408(3), C.R.S.1997, prohibited the imposition of consecutive sentences. We disagree with both contentions.

### A.

■ We reject defendant's contention that, because the General Assembly did not specifically authorize cumulative punishment for these two crimes, the Double Jeopardy clause bars the imposition of consecutive sentences here.

■ In the absence of clear legislative authorization for such punishment, the Double Jeopardy clause prohibits cumulative punishment for convictions under separate statutory provisions that proscribe the same conduct. *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983); *People v. Haymaker,* 716 P.2d 110 (Colo.1986)(same analysis applies under double jeopardy clause of the Colorado constitution).

■ The issue of legislative authority for cumulative punishment, however, does not arise until it is shown that the two statutes apply to the "same offense." *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Under *Blockburger,* statutes are deemed to govern distinct rather than the same conduct when "each provision requires proof of a fact which the other does not." *Blockburger v. United States, supra,* 284 U.S. at 304, 52 S.Ct. at 182, 76 L.Ed. at 309 (1932).

Here, defendant was convicted of obstructing a peace officer in violation of § 18–8–104, C.R.S.1997, which provides, in pertinent part:

A person commits obstructing a peace officer ... when, by using or threatening to use violence, force, physical interference or an obstacle, such person knowingly obstructs, impairs, or hinders the enforcement of the penal law or the preservation of the peace by a peace officer, acting

under color of his or her official authority. . . .

In contrast, assault in the third degree, defined in § 18–3–204, C.R.S.1997, occurs when a defendant:

knowingly or recklessly causes bodily injury to another person or with criminal negligence he causes bodily injury to another person by means of a deadly weapon.

A comparison of these statutes reveals that obstruction requires proof that the victim is a peace officer, while third degree assault has no such element. In addition, third degree assault requires proof that the victim sustained bodily injury, whereas obstruction has no such element.

Because each of these offenses requires proof of an element not contained in the other statute, these provisions are not directed to the same conduct for purposes of double jeopardy analysis. Hence, the imposition of cumulative sentences for their violation does not implicate double jeopardy principles.

### B.

■ We also reject defendant's argument that § 18–1–408(3), C.R.S.1997, prohibits the imposition of consecutive sentences here. The defense argument is premised on the assumption that the two convictions were based on "identical evidence."

■ As a general rule, when a defendant is convicted of multiple offenses, the sentencing court has discretion to impose consecutive or concurrent sentences. And, this authority to impose consecutive sentences is not affected by § 18–1–408(3) unless the crimes are supported by "identical evidence". *Qureshi v. District Court,* 727 P.2d 45 (Colo. 1986).

■ Evidence supporting different crimes is considered identical for purposes of § 18–1–408(3) when the same act or acts gave rise to both charges. *Compare Qureshi v. District Court supra,* (evidence supporting two crimes not identical where one charge supported by two stabbings that occurred early on in the attack, and second charge supported by evidence that, after a break, defen-

dant inflicted another stab wound) *with People v. DeBoer,* 829 P.2d 447 (Colo.App.1991) (when both charges arose from a "continuous attack of the victim," although distinct injuries may have supported different charges, for purposes of § 18–1–408, the evidence supporting the crimes was identical).

On appeal, defendant asserts that the assault and obstruction convictions were supported by evidence of one continuous struggle with no hiatus. In contrast, the prosecution argues that the obstruction charge was supported by the defendant's refusal to admit the officers into the apartment, his use of a false name, and the struggle with the officer prior to the biting incident, while the assault charge was supported by the biting incident.

It is the defendant's responsibility to designate the record on appeal, including any parts of the trial transcripts that are necessary to an evaluation of the issues raised on appeal. *People v. Wells,* 776 P.2d 386 (Colo. 1989). If the appellant fails to provide a complete record on appeal, we must presume that the record supports the trial court's conclusions. *People v. Morgan,* 199 Colo. 237, 606 P.2d 1296 (1980).

Here, defendant has failed to provide the transcript of the evidentiary portion of the trial. Accordingly, we presume there is record support for the trial court's rejection of the defense claim of identical evidence underlying both the assault and obstruction offenses.

The judgment and sentence are affirmed.

RULAND and KAPELKE, JJ., concur.