**The PEOPLE of the State of Colorado, Plaintiff–Appellee and Cross– Appellant,**

**v.**

**Julio A. RAMIREZ, Defendant–Appellant and Cross–Appellee.**

No. 99CA0455.

Colorado Court of Appeals, Div. V.

Aug. 17, 2000.

Rehearing Denied Oct. 12, 2000.

Certiorari Granted March 12, 2001.

---

** Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1999.

Ken Salazar, Attorney General, Lauren A. Edelstein, Assistant Attorney General, Denver, Colorado; David J. Thomas, District Attorney, Donna Skinner Reed, Chief Appellate Deputy District Attorney, Golden, Colorado, for Plaintiff–Appellee and Cross–Appellant.

Linda Perkins Cooke, L.L.C., Linda Perkins Cooke, Boulder, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge CASEBOLT.

Defendant, Julio A. Ramirez, appeals the judgment of conviction entered upon jury verdicts finding him guilty of second degree assault after provocation and felony menacing. The People cross-appeal the trial court's order granting defendant a new trial on the burglary charge and its related crime of violence count. We affirm the conviction for second degree assault, vacate the conviction for felony menacing, reverse the order granting a new trial, reinstate the judgment of conviction for first degree burglary and the associated crime of violence, and remand for correction of the mittimus.

The prosecution's evidence established the following. Defendant and the victim were married but separated. The wife obtained a restraining order against the defendant following their separation.

Defendant encountered his wife at a local bar five months after the separation. When their mutual friends decided to go out for a meal, the wife agreed to drive defendant to the restaurant. During the drive, defendant broached reconciliation; the wife demurred. She then dropped defendant off at the restaurant and drove to her boyfriend's house. An hour later, she went home. Defendant then made a threatening telephone call to the boyfriend.

When the wife arrived home, she called her boyfriend. While she was on the telephone, both she and her boyfriend received threatening telephone calls from defendant on their other telephone lines.

Shortly thereafter, defendant entered the wife's house uninvited. He punched her in the face five or six times, then held a knife against her throat. She attempted to pull the knife away and cut her finger doing so.

Defendant then gave her the telephone and instructed her to call her boyfriend. Instead, she dialed 911. After a minute, during which the 911 operator tape-recorded defendant making death threats, defendant grabbed the telephone and hung it up.

The wife then ran and attempted to lock herself in the bathroom. Defendant pulled the door open and entered the bathroom, swinging and poking the knife at her. The assault terminated when the police arrived.

Before trial, defendant pleaded guilty to two counts of violating a restraining order. Those convictions are not at issue here.

At trial, defendant contended that he had been invited to the residence to discuss reconciliation, and had entered with his wife's permission. He claimed that he assaulted his wife only after she rejected his attempts at reconciliation and provoked the assault. Accordingly, he asserted that he was not guilty of first degree burglary because he did not have the intent to assault or menace his wife at the time he entered the residence.

The trial court instructed the jury on first degree burglary using the pattern jury instruction, *COLJI–Crim.* No. 14:01 (1993

Supp.), which required the jury to find that defendant "entered or remained unlawfully in a building or occupied structure ... with intent to commit ... assault and menacing, and ... while inside ... the defendant assaulted or menaced any person."

Following his burglary conviction, defendant filed a motion for new trial, contending that *Cooper v. People*, 973 P.2d 1234 (Colo. 1999), which was announced after the verdicts in this case had been rendered, required a new trial. The trial court granted the motion because it concluded that the pattern instruction it had given was insufficient to advise the jury that, as the supreme court held in *Cooper*, the intent to commit a crime must coexist with the moment of trespass. This appeal and cross-appeal followed.

### I.

The People contend on cross-appeal that the trial court erred in granting the motion for new trial. We agree.

■ Crim. P. 33(c) vests the trial court with discretion to grant a new trial if required in the interest of justice. We will disturb such a determination only if the trial court abused its discretion. *People v. Jones*, 942 P.2d 1258 (Colo.App.1996). However, an abuse of discretion can occur when, *inter alia*, a court incorrectly analyzes the law and prejudice thereby inures to a party. *See Kuhn v. State*, 817 P.2d 101 (Colo.1991).

*Cooper v. People*, *supra*, involved a prosecution for second degree burglary. There, the evidence was unclear whether the defendant had formed the intent to commit the ulterior offense of assault against the victim at the time he entered the home. The trial court instructed the jury that it could find the defendant guilty of burglary if it found that he knowingly and unlawfully entered the home with the intent to commit the crime of assault. Over defense objection, the court, in a supplemental instruction, further instructed the jury that the intent to commit a crime could be formed either before or after entry into the dwelling.

The supreme court reversed and remanded for a new trial on the burglary conviction, stating in part:

[B]urglary punishes the defendant who trespasses with the intent to do more harm once on the premises. Thus, to convict a defendant of burglary, a jury must conclude that the defendant had made up his mind to commit some other offense at the point at which he or she becomes a trespasser. If the defendant forms the intent to commit the crime after the trespass is under way, he or she may be guilty of that underlying crime (or attempt) and of trespass—but is not guilty of burglary.

■ *Cooper v. People*, *supra*, 973 P.2d at 1236. In other words, the trespass must be accompanied by the contemporaneous intent to commit a crime.

### A.

The People assert that the *Cooper* court reversed the conviction there only because the trial court gave the supplemental instruction that the intent to commit a crime could be formed either before or after the trespass. Accordingly, because no such instruction was given here, the People assert there was no error. We agree.

The *Cooper* court noted that its grant of certiorari was to "consider whether the trial court erred in instructing the jury that it could convict Cooper if it found that he had formed the intent to commit the underlying offense after his unlawful entry into the premises." *Cooper v. People*, *supra*, 973 P.2d at 1236. It resolved that question in its specific holding that: "[W]e now hold that the trial court improperly instructed the jury that Cooper's intent to commit a crime could 'be formed either before entry into the dwelling or after entry into the dwelling.'" *Cooper v. People*, *supra*, 973 P.2d at 1242.

Accordingly, *Cooper* dealt specifically with the supplemental jury instruction that allowed the jury to convict the defendant regardless of the time he formed the intent to commit a crime. *Cooper* did not expressly hold that giving the pattern burglary instruction alone, without the erroneous additional instruction, would have amounted to error.

Indeed, when the supreme court has intended to invalidate or correct pattern jury

instructions, it has generally done so in explicit language. *See Bogdanov v. People,* 941 P.2d 247 (Colo.1997); *People v. Shields,* 822 P.2d 15 (Colo.1991). We find insufficient indication in *Cooper* that such was the court's intent there.

It is true that some of the language in *Cooper* in which the court discusses structural error can be read to support the trial court's determination to grant a new trial to defendant here. However, when the structural error discussion is reviewed in the context of the specific basis upon which certiorari was granted, it is clear that the propriety of the pattern jury instruction on burglary was not at issue.

Accordingly, we do not interpret *Cooper v. People, supra,* as necessarily requiring modification of the pattern elemental jury instruction concerning first degree burglary given here.

### B.

■ Defendant nevertheless argues that the burglary instruction as given did not inform the jury that the intent to commit a crime must exist contemporaneously with the moment of trespass. We reject this contention.

Here, the jury was instructed that, to find defendant guilty of burglary, it must find that all of the elements of the offense had been proven beyond a reasonable doubt, including that defendant:

4. entered or remained unlawfully in a building or occupied structure,

5. with intent to commit therein the crimes of ... assault and menacing, and

6. while in effecting entry into, while inside, or in immediate flight from the building or occupied structure,

7. the defendant assaulted or menaced any person.

■ This instruction tracked the language of the first degree burglary statute, § 18–4–202, C.R.S.1999, and the pattern jury instruction, *COLJI–Crim.* No. 14:01 (1993 Supp.). Elemental instructions framed in the language of the statute are generally sufficient.

*People v. Gallegos,* 950 P.2d 629 (Colo.App. 1997).

In addition, the term "with" in the instruction told the jury that the intent to commit a crime had to accompany, or be contemporaneous with, the moment of unlawful entering or remaining. *See Random House Webster's College Dictionary* 1530 (1991) (giving, as first definition of "with," "accompanied by, accompanying"); *Webster's Third New International Dictionary* 2626 (1986) ("with" is, among other things, a function word to indicate a "mental state accompanying ... a specified action"). These definitions support the conclusion that "entering with intent" necessarily conveys the meaning that the intent accompanies, or coexists with, the moment of trespass as required under *Cooper v. People, supra.*

In view of this analysis, we necessarily reject defendant's related contention that the instruction given allowed the jury to convict him upon a finding that he formed the intent to assault or menace his wife at any time before or after he entered her home, without reference to the moment of trespass.

For these reasons, the trial court abused its discretion in granting a new trial on the burglary and associated crime of violence count.

### II.

■ Defendant contends the trial court erred in refusing to give his tendered jury instruction on the lesser-included offense of third degree assault. We disagree.

■ A defendant is entitled to an instruction on a lesser-included offense if there is evidence to support giving that instruction. Such an instruction is appropriate when there is a rational basis to acquit of the offense charged but convict on the included offense. *People v. Price,* 969 P.2d 766 (Colo. App.1998). However, the mere chance that a jury may reject uncontroverted testimony and convict on the lesser charge does not require the trial court to instruct the jury on the lesser charge. *People v. Workman,* 885 P.2d 298 (Colo.App.1994).

As pertinent here, § 18–3–203(1)(b), C.R.S. 1999, provides that a person commits assault in the second degree if, with intent to cause bodily injury to another person, he or she causes such injury to another by means of a deadly weapon. This crime is reduced from a class 4 felony to a class 6 felony if it is committed after provocation. Section 18–3–203(2)(a), C.R.S.1999.

Section 18–3–204, C.R.S.1999, provides that a person commits assault in the third degree if he or she causes bodily injury to another by means of a deadly weapon with criminal negligence.

■ A person acts with criminal negligence when, through a gross deviation from the standard of care that a reasonable person would exercise, he or she fails to perceive a substantial and unjustifiable risk that a result will occur or that a circumstance exists. Section 18–1–501(3), C.R.S.1999. Thus, criminal negligence contemplates that the actor negligently has failed to become aware of a risk that harm will result from the conduct. *People v. Shaw,* 646 P.2d 375 (Colo.1982).

Here, the wife testified, without contradiction, that defendant placed a knife against her throat and her finger was cut when she tried to pull the knife away. Photographs of the wife's face and neck area corroborate this testimony. Further, the tape recording of the wife's 911 call reveals that defendant repeatedly threatened to kill her. She also testified that, while defendant was swinging and poking the knife at her in a bathroom, he threatened to kill her.

We conclude the record could not support a finding that the assault was accompanied merely by criminal negligence. *See People v. Workman, supra* (no evidence to support finding of criminal negligence where defendant thrust knife at victim's chest and threatened to kill victim). Even if, as defendant contends, the injury to the wife's finger was not the result of his affirmative act, but rather occurred when she attempted to push away the knife, that fact does not dictate a contrary result.

■ Defendant nevertheless contends that the evidence supporting the jury's finding of provocation also supported an instruction on criminal negligence. Specifically, defendant asserts the jury determined that he acted after provocation, and he argues that provocation "substitutes for intent." Accordingly, he reasons, the jury did not believe he intended to assault the victim and, therefore, could have concluded that he was criminally negligent. We reject this assertion.

Provocation exists when the act causing the injury is performed upon a sudden heat of passion, caused by a serious and highly provoking act of the intended victim, which affects the defendant sufficiently to excite such an irresistible passion in a reasonable person. Section 18–3–203(2)(a), C.R.S.1999.

■ As the assault statute is currently structured, provocation is neither a culpable mental state nor part of a culpable mental state. Contrary to defendant's contention, provocation does not affect the intent element of the offense of assault. Rather, it merely operates as a mitigator to lessen the consequences of an assault conviction. *See Rowe v. People,* 856 P.2d 486 (Colo.1993); *People v. Suazo,* 867 P.2d 161 (Colo.App. 1993). Thus, the jury's finding of provocation does not mean that it rejected the prosecution's claim that defendant had the specific intent to injure his wife.

Accordingly, the trial court properly refused to instruct the jury on third degree assault.

### III.

Defendant contends the trial court erred when it admitted evidence of a similar act of domestic violence as to the burglary charge. Again, we disagree.

Evidence of prior similar transactions in cases involving domestic violence is admissible pursuant to § 18–6–801.5, C.R.S.1999, and CRE 404(b) to show, among other things, a common plan, scheme, design, identity, modus operandi, motive, or guilty knowledge.

■ In determining whether prior transaction evidence is admissible, the trial court must also consider whether (1) the proffered evidence relates to a material fact in the case; (2) the evidence is logically relevant to

the material fact; (3) the logical relevance is independent of the inference prohibited by CRE 404(b) that the defendant committed the crime because of criminal propensities; and (4) the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *People v. Spoto*, 795 P.2d 1314 (Colo.1990).

A trial court is vested with substantial discretion when determining whether to admit evidence of other acts, and its ruling will be disturbed only when it is demonstrated that the trial court abused that discretion. *See People v. Ibarra*, 849 P.2d 33 (Colo.1993).

Here, the prosecution sought to admit evidence that defendant had assaulted his wife three months previously when he intercepted a telephone call from another man intended for her. The prosecution asserted it showed that defendant had the intent to harm her because she was dating other men, and that his assaultive behavior was motivated by jealousy and rage. The trial court followed the analysis set forth in *People v. Spoto*, *supra*, and concluded the evidence was admissible to show intent and motive.

### A.

Although defendant concedes the similar transaction evidence was relevant and admissible to show intent to commit the offense of assault underlying the burglary, he contends it was not relevant to show intent to commit the burglary itself. We disagree.

As pertinent here, a person commits first degree burglary if he or she knowingly enters or remains unlawfully in a building or occupied structure with intent to commit a crime and if, in effecting entry or while in the building or occupied structure, he assaults or menaces any person. Section 18–4–202(1), C.R.S.1999.

One of the requisite mental states for the offense of burglary charged here is the specific intent to commit an underlying crime. As instructed here, the prosecution had to prove that defendant had the specific intent to assault or menace the victim, and that he actually assaulted or menaced her. The challenged evidence was thus relevant to prove elements of the burglary charge.

Hence, defendant's contention that the similar transaction evidence was relevant to the offense underlying the burglary, but not the burglary itself, is erroneous.

In view of this conclusion, we need not address defendant's contention that the court erroneously admitted the evidence to show motive.

### B.

We reject defendant's contention that the prior act evidence was not logically relevant.

To be logically relevant, the similar act must have a tendency to make the existence of a material fact more or less probable than it would be without the evidence. *People v. Spoto, supra.*

Because the other act evidence showed that defendant had previously intended to harm his wife by punching her in the face, it made it more likely that his intent during the charged offenses was again to harm her, and less likely that his intent was merely to frighten her. *See Douglas v. People*, 969 P.2d 1201 (Colo.1998).

### IV.

Defendant contends the jury's verdict convicting him of first degree burglary must nevertheless remain vacated because it is inconsistent with the second degree assault after provocation verdict. We reject this contention.

If the existence of an element of one crime negates the existence of a necessary element of another crime, guilty verdicts on both are legally and logically inconsistent and should not be sustained. *People v. Frye*, 898 P.2d 559 (Colo.1995); *People v. Jones*, 990 P.2d 1098 (Colo.App.1999).

Here, the jury found, through its second degree assault verdict, that the assault was accompanied with the intent to inflict, and the actual infliction of, serious bodily injury by means of a deadly weapon. However, the assault was performed not after deliberation, but upon a sudden heat of passion caused by a serious and highly provoking act of the victim. Defendant therefore contends that it

is logically and legally impossible to find that, at the time he trespassed into the wife's house, he intended to commit the crime of assault. *See Cooper v. People, supra* (to be convicted of burglary, defendant must have possessed intent to assault at the moment of trespass).

However, a review of the evidence reveals that the two verdicts are not necessarily inconsistent. The jury could have found that, at the time defendant entered his wife's house, his only intent was to menace her, but that, once inside the house, he was provoked into actually assaulting her.

For the same reason, the verdict convicting defendant of menacing is not inconsistent with the first degree burglary verdict.

## V.

Defendant asserts that his multiple convictions for first degree burglary, second degree assault, and menacing violate the doctrine of merger and constitutional principles of double jeopardy. We agree in part.

## A.

A defendant may be convicted of multiple offenses arising out of a single transaction if such defendant has violated more than one statute, but he or she cannot be convicted of both a greater and lesser-included offense. Section 18–1–408(1)(a), C.R.S.1999; *Armintrout v. People,* ·864 P.2d 576 (Colo.1993). *See also People v. Garcia,* 940 P.2d 357 (Colo.1997).

Section 18–1–408(5)(a), C.R.S.1999, defines a lesser included offense as one "established by proof of the same or less than all the facts required to establish the commission of the offense charged." The doctrine of merger treats an offense as lesser included when proof of the essential elements of the greater offense necessarily establishes the elements required to prove the lesser offense. *Armintrout v. People, supra.*

Thus, under the statutory and common-law merger doctrine, as well as double jeopardy principles, if each offense requires proof of a fact not required by the other offense, the offenses are sufficiently distinguishable. To determine whether one offense is included in another, we compare the elements of the statutes involved and not the evidence shown at trial. *Armintrout v. People, supra; see also People v. Halstead,* 881 P.2d 401 (Colo.App.1994); *People v. Griffin,* 867 P.2d 27 (Colo.App.1993).

Under this test, the predicate offense for a first degree burglary conviction under § 18–4–202(1) appears to fit the definition of a lesser included offense under § 18–1–408(5)(a). The elements of assault or menacing must be proven in order to sustain a conviction for first degree burglary as it was charged and instructed in this case. *See People v. Bielecki,* 964 P.2d 598 (Colo.App. 1998) (second degree burglary and third degree assault are lesser-included offenses of first degree burglary; defendant's convictions vacated because they merged into conviction for first degree burglary).

Citing *People v. Rael,* 199 Colo. 201, 612 P.2d 1095 (1980), the People nevertheless assert that all three crimes charged require proof of an additional fact not necessary in proof of the others. We are not persuaded.

In *Rael,* the issue was whether a conviction for first degree assault and first degree burglary merged. The court held that first degree assault required proof of serious bodily injury which first degree burglary did not, and that first degree burglary as charged required proof of the intent to cause bodily harm, which the form of first degree assault charged did not. However, in *People v. Moore,* 877 P.2d 840 (Colo.1994), the court limited the *Rael* holding to situations in which there are separate victims of the assault and the burglary.

Here, there is only one victim of the burglary, who was also the victim of the assault and menacing. Accordingly, we reject the People's contention.

The People also rely upon *People v. Ager,* 928 P.2d 784 (Colo.App.1996), in which a division of this court held that a sentence for first degree assault did not merge with a sentence for murder. There, however, the court noted that the defendant was charged with and convicted of second degree burglary, which, contrary to the requirements of

the first degree burglary statute, requires only an entry with intent to commit a crime. Accordingly, the *Ager* court held that proof of the essential elements of the burglary did not necessarily establish all of the elements of an assault committed subsequent to the crime of burglary.

Here, in contrast, first degree burglary, which requires the actual commission of the underlying crime of assault or menacing, was charged and proven. Accordingly, *Ager* does not dictate a contrary result.

For these reasons, we conclude that the doctrine of merger applies.

### B.

Defendant requests that we vacate the assault conviction. However, in deciding which convictions to retain, a court should enter as many convictions and impose as many sentences as are legally possible so as fully to effectuate the jury's verdict. In making this determination, we must take into account the General Assembly's felony classification of the various crimes committed by the defendant, together with the length of the sentences imposed. *People v. Jones, supra.*

Here, defendant was sentenced to three years in the custody of the Department of Corrections (DOC) for second degree assault, a class six felony; twelve years to the DOC for first degree burglary, a class three felony; and three years to the DOC for menacing, a class five felony. The assault conviction was to run consecutive to the burglary conviction, while the menacing sentence was concurrent to the burglary sentence. Thus, if we vacate the second degree assault conviction as defendant proposes, we would eliminate the lowest class felony, but would reduce his total sentence to twelve years. If, however, we vacate the menacing conviction, the sentence would remain at fifteen total years.

Because the latter option produces the longest sentence, we conclude that it maximizes the effect of the jury's verdict. *See People v. Fisher,* 926 P.2d 170 (Colo.App. 1996).

The judgment of conviction for second degree assault is affirmed. The judgment of conviction for felony menacing is vacated. The order granting a new trial on the first degree burglary charge is reversed, and the judgment of conviction for first degree burglary and the associated crime of violence is reinstated. The cause is remanded for correction of the mittimus.

Judge RULAND and Judge VOGT concur.