The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Giovanni PORTILLO, Defendant–Appellant.

No. 09CA0339.

Colorado Court of Appeals, Div. VI.

June 10, 2010.

Rehearing Denied July 8, 2010.

John W. Suthers, Attorney General, Emmy A. Langley, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Normando R. Pacheco, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge LOEB.

Defendant, Giovanni Portillo, appeals the judgment of conviction entered on jury verdicts finding him guilty of two counts of attempted extreme indifference murder and two counts of menacing. We affirm.

## I.

Defendant contends that the trial court erred, and thereby violated his right not to be subjected to double jeopardy, by bifurcating the attempted murder and menacing counts of the original information (each of which named two victims) into two separate counts (each of which named a single victim). Because defendant has not provided us with the portion of the record containing the trial court's ruling, we have no basis to question the soundness of the court's decision. See People v. Dixon, 950 P.2d 686, 689 (Colo.App.1997) (if the defendant fails to meet his or her responsibility to designate as part of the record on appeal those materials necessary to an evaluation of the issues raised, then the appellate court shall presume the record supports the trial court's conclusions).

## II.

Defendant contends that his dual convictions with respect to each victim should be merged because menacing is a lesser included offense of attempted extreme indifference murder. We disagree.

The Double Jeopardy Clauses of both the United States and Colorado Constitutions generally prohibit multiple punishments for greater and lesser included offenses. U.S. Const. amend. V; Colo. Const., art. II, § 18; People v. Leske, 957 P.2d 1030, 1035 (Colo. 1998). An accused may be convicted of multiple offenses arising out of the same transaction, but multiple convictions must be merged if one offense is included in the other. § 18–1–408, C.R.S.2009; Leske, 957

P.2d at 1035–36; *People v. Torres,* 224 P.3d 268, 275 (Colo.App.2009).

■■ "We review de novo whether merger applies to criminal offenses because it is an issue of statutory interpretation." *Torres,* 224 P.3d at 275. One offense is included in another if the statutory elements of the greater offense necessarily establish all of the elements of the lesser offense. *Leske,* 957 P.2d at 1036; *Torres,* 224 P.3d at 275–76; *see also People v. Lovato,* 179 P.3d 208, 212 (Colo.App.2007) (for purposes of double jeopardy analysis, a penalty enhancer is not a substantive element of the charged offense).

The crime of attempted extreme indifference murder is defined by the combination of two statutes:

A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense. A substantial step is any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

§ 18–2–101(1), C.R.S.2009.

(1) A person commits the crime of murder in the first degree if:

. . .

(d) Under circumstances evidencing an attitude of universal malice manifesting extreme indifference to the value of human life generally, he knowingly engages in conduct which creates a grave risk of death to a person, or persons, other than himself, and thereby causes the death of another.

§ 18–3–102(1)(d), C.R.S.2009.

The crime of menacing is defined as follows: "A person commits the crime of menacing if, by any threat or physical action, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury." § 18–3–206(1), C.R.S.2009.

■ Because the offense of menacing requires proof of an element that need not be proved to obtain a conviction for attempted extreme indifference murder (knowingly placing, or attempting to place, another person in fear of imminent serious bodily injury), the former offense is not a lesser included offense of the latter. Therefore, the convictions for the two offenses do not merge. *See Leske,* 957 P.2d at 1041.

### III.

■ Finally, defendant contends that the evidence is insufficient to support the jury's verdicts. However, this claim necessarily rests on an assertion that the *entirety* of the evidence is insufficient. *See Kogan v. People,* 756 P.2d 945, 950 (Colo.1988) (a challenge to the sufficiency of the evidence requires review of all evidence, taken as a whole), *abrogated on other grounds by Erickson v. People,* 951 P.2d 919, 923 (Colo.1998). Therefore, because defendant has provided us with only a portion of the trial transcript (and none of the exhibits), we must presume the full record supports the jury's verdicts. *See Dixon,* 950 P.2d at 689.

The judgment is affirmed.

Judge GRAHAM and Judge MILLER concur.