## No. C-1802

## Louis F. Graham v. The People of the State of Colorado

(610 P.2d 494)

Decided April 21, 1980.                    Rehearing denied May 19, 1980.

J. Gregory Walta, State Public Defender, Lee Belstock, Special Deputy, for petitioner-appellant.

Dale Tooley, District Attorney, Brooke Wunnicke, Chief Appellate Deputy, Lawrence G. Orr, Deputy, for respondent-appellee.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

We granted certiorari to review the opinion of the Colorado Court of Appeals in *People v. Graham,* 41 Colo. App. 390, 590 P.2d 511 (1978). We now affirm the judgment of the appellate court.

I.

This case arose from an incident which occurred in the early morning hours of July 14, 1978. The testimony at trial was in conflict. The victim testified that he was accosted outside a Denver nightclub by the defendant and the defendant's companion, that he was forced to go with them to City Park in the defendant's car, and that the defendant forced him to relinquish his wallet, which contained credit cards and cash. The victim testified that the defendant held a shotgun to his head during the drive to the park and that the defendant threatened to shoot him.

The defendant denied that he had forced the victim into the car. He admitted that there was a shotgun in the car, but denied having held it to the victim's head. The defendant admitted that he had demanded the victim's wallet and that he had told the victim that he had a weapon.

At the close of the evidence, the trial court instructed the jury on the offenses of aggravated robbery and conspiracy to commit aggravated robbery. *See* sections 18-4-302 and 18-2-201, C.R.S. 1973 (1978 Repl. Vol. 8). Both defense counsel and the prosecution refused the trial court's offer of an instruction on the lesser included offense of simple robbery. *See* section 18-4-301, C.R.S. 1973 (1978 Repl. Vol. 8).

At the request of the defendant, the trial court instructed the jury on the crime of theft. *See* 18-4-401, C.R.S. 1973 (1978 Repl. Vol. 8). The

theft instruction given by the trial court defined that offense only in relation to a "thing of value" of less than \$50. (The trial court refused the defendant's request for an instruction that the contents of the victim's wallet were, as a matter of law, worth less than \$50.)

The jury found the defendant guilty of aggravated robbery and conspiracy to commit aggravated robbery.

## II.

The defendant argued before the court of appeals that the theft instruction given by the trial court was deficient in limiting the scope of that offense to the taking of a thing of value of less than \$50, and that certain prosecutorial remarks about the instruction warranted a mistrial. The appellate court affirmed the defendant's convictions, holding that he was not entitled to any instruction on the crime of theft and that the errors complained of with respect to the instruction given by the trial court were therefore harmless.

## III.

The court of appeals was correct in concluding that the defendant's own testimony constituted an admission of guilt of the offense of simple robbery. Because the uncontroverted evidence before the jury established, at a minimum, that the defendant had committed that offense, he was not entitled to an instruction on the crime of theft. The defendant would have been entitled to the theft instruction if there had been "a rational basis for the jury to acquit the defendant of the greater offense [*i.e.,* simple robbery] but convict him of the lesser offense [*i.e.,* theft]." *People v. White,* 191 Colo. 353, 356, 553 P.2d 68, 70 (1976). *See also People v. Saars,* 196 Colo. 294, 584 P.2d 622 (1978); *People v. Hansen,* 191 Colo. 175, 551 P.2d 710 (1976); section 18-1-408(6), C.R.S. 1973 (now in 1978 Repl. Vol. 8). In this respect, we see no significance in the fact that the defendant refused the trial court's offer of an instruction on the greater offense, simple robbery.

Because the defendant was not entitled to the instruction on theft, the court of appeals was correct in holding the theft instruction error asserted by him to be harmless. Crim. P. 52(a).

We find it necessary, however, to comment on specific language in the opinion of the court of appeals. The court stated:

"[W]here, as here, the defendant is charged with aggravated robbery and declines the court's offer to instruct on simple robbery, the court is obligated to instruct on the lesser non-included offense of theft *only if there is no evidence of the defendant's guilt of the lesser included offense of simple robbery.*" 41 Colo. App. at 392, 590 P.2d at 512-513 (emphasis added).

As noted *supra* in this opinion, the test applicable to the defendant's request for an instruction on the crime of theft is whether there existed a rational basis to acquit him of simple robbery but still convict him of theft.

The test is *not,* as stated by the court of appeals, whether there is a total absence of evidence showing the defendant to be guilty of simple robbery. To this extent, the statement of the court of appeals is specifically disapproved.

Judgment affirmed.

JUSTICE ERICKSON does not participate.