The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Steven L. **BORNMAN**, Defendant–Appellant.

No. 96CA0967.

Colorado Court of Appeals, Div. II.

Dec. 11, 1997.

Rehearing Denied Feb. 19, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John J. Krause, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, Stephen L. Bornman, appeals the judgment of conviction entered upon a jury verdict finding him guilty of theft of more than $400. He contends, among other things, that the jurors were improperly instructed that the mens rea requirement of "knowingly" did not apply to the element of "without authorization" under the theft statute. We agree; hence, we reverse and remand for a new trial.

## I.

Section 18–4–401(1), C.R.S.1997, provides that:

> A person commits theft when he *knowingly* obtains or exercises control over anything of value of another *without authorization* ... and ... *[k]nowingly* uses ... the thing of value in such a manner as to deprive the other person permanently of its use or benefit. (emphasis supplied)

In contrast, the elemental instruction given here, which was based on COLJI–Crim. 16:01 (1993), described this offense as follows:

1. That the defendant

2. In the state of Colorado at or about the date and place charged,

3. knowingly

    a. obtained or exercised control over

    b. anything of value,

    c. which was the property of another person,

4. without authorization ... and

5. knowingly

a. used, concealed, or abandoned the thing of value,

b. in such a manner as to permanently deprive the other person of its use or benefit.

■ Thus, the language of this instruction requires a finding that a defendant knowingly obtain or exercise control over an item and knowingly use, conceal, or abandon it in such a way as permanently to deprive the owner of its use. However, it does not explicitly require a finding that the defendant knew that his possession or control of the item was without the authorization of the owner. Cf. *People v. Rodriguez*, 914 P.2d 230, 273 (Colo. 1996) (" 'knowingly,' when offset from other elements, modifies all succeeding conduct elements"); *People v. Bossert*, 722 P.2d 998 (Colo.1986) (no error if "knowingly" element set out in instruction as first element and all others described under number two); *People v. Stephens*, 837 P.2d 231 (Colo.App.1992) (no error if "knowingly" element listed as number 3 and each later element assigned separate number). We conclude, therefore, that the instruction is erroneous in failing to require a finding that a defendant must know that any exercise of control is without authorization.

Evidence before the trial court would support a finding that defendant had been given the vehicle he was charged with stealing by a friend in satisfaction of an alleged lien arising from defendant's performance of mechanical work upon the vehicle. When confronted by the true owner, defendant insisted that his exercise of control over the vehicle was the result of a "big misunderstanding."

Hence, the principal issue of fact presented for jury resolution was whether defendant was aware that his exercise of control over the vehicle was unauthorized. Yet, the instruction allowed a guilty verdict to be returned without a determination that defendant was aware of his lack of authority.

Further, we conclude that this instructional error was compounded here.

Before the jury was instructed in this manner, defense counsel requested that the standard instruction be modified so as to make clear that, to be found guilty, defendant must have been aware that his exercise of control over the vehicle was not authorized. The trial court rejected this suggestion because it concluded that the "knowingly" state of mind was not to be tested by a defendant's subjective awareness. This *mens rea*, it concluded, was to be tested by an objective, reasonable person standard, *i.e.*, if it would not have been reasonable for defendant to believe that he had authorization, he must be charged with "knowing" that he lacked authority in the premises, irrespective of his actual state of mind.

In conjunction with its ruling upon the proposed instruction, and consistent with it, the trial court also prohibited defense counsel from arguing to the jury that defendant was actually mistaken as to his right to possess the vehicle. It limited counsel's argument to a consideration "whether a reasonable person would have thought under those circumstances that he was authorized to take [the vehicle]."

We conclude that the premise for the court's actions in these two respects was erroneous.

Both the wording of § 18–4–401(1) and the explicit provisions of § 18–1–504(1)(a), C.R.S. 1997 (mistake of fact relieves from criminal liability if it "negatives the existence of a particular mental state essential to commission of the offense"), make it clear that, if defendant entertained a good faith belief that he was entitled to take the vehicle, he was not guilty of theft. To apply an objective standard in such circumstances would be to authorize a conviction of theft based upon simple negligence. *People v. Freeman*, 668 P.2d 1371 (Colo.1983) (error to define "knowingly" to include circumstance under which a defendant "should be aware").

We conclude, therefore, that, given the primary issue presented by the evidence here, it was reversible error to give the elemental instruction in the above form and to prohibit counsel from arguing that defendant possessed the honest, good faith belief that he had the requisite authority, irrespective of the belief that a reasonable person might have formed under the same circumstances.

## II.

■ Among issues that may arise on retrial is defendant's contention that the court erred in qualifying the Prosecution's witness as an expert in the appraisal of classic cars. We disagree.

■ CRE 702 provides that a witness may be "qualified as an expert by knowledge, skill, experience, training or education," and such a witness may "testify in the form of an opinion or. otherwise." The rule does not require previous qualification as an expert or that the proposed expert belong to any particular organization. *White v. People,* 175 Colo. 119, 486 P.2d 4 (1971).

■ A trial court's determination with respect to an expert's qualifications will not be disturbed, absent a "clear showing of abuse of discretion." *People v. Williams,* 790 P.2d 796, 798 (Colo.1990).

Here, the item allegedly stolen was a classic vehicle, without an engine, and the question presented was whether such a vehicle was worth $400 or more, but less than $15,000. *See* § 18–4–401(2)(c), C.R.S.1997.

The witness testified that he was a licensed automobile dealer and had appraised thousands of cars in his twelve years in the used car business. Although he had never sold the type of vehicle at issue, he had appraised "lots of them," but could not recall whether he had ever appraised any without an engine. This testimony supported the court's ruling qualifying him as a expert. Hence, there was no abuse of discretion. *See Colorado Arlberg Club v. Board of Assessment Appeals,* 719 P.2d 371 (Colo.App.1986), *rev'd on other grounds,* 762 P.2d 146 (Colo.1988) (witness who was part owner of appraisal business with 7 years of experience including appraisals in the county properly qualified as tax appraisal expert).

## III.

■ Another issue that may arise on retrial lies in defendant's contention that he was denied his constitutional right to confrontation by the admission of hearsay testimony on the issue of the value of the stolen property, as provided for in § 18–4–414(2), C.R.S. 1997. We conclude, however, that the testimony in question was not admitted pursuant to the statute attacked and, indeed, was not hearsay.

■ First, we reject defendant's assertion that there was insufficient evidence to establish the vehicle's value. The vehicle's owner testified that it was worth $1,500, and such testimony was competent to establish that fact. *See People v. Evans,* 44 Colo.App. 288, 612 P.2d 1153 (1980) (owner's testimony as to value of object stolen sufficient to establish that value).

The testimony attacked by defendant came from the expert witness. On direct examination, he testified that his opinion as to the value of the vehicle in issue was based, in part, upon the recent sales of two similar vehicles. He gave no particulars with respect to either sale, nor did he specifically describe either vehicle. He said that they were sold for between $1,000 to $1,500, but he gave no indication of his source of knowledge. Defendant did not object to this testimony, nor was the witness cross-examined upon the subject.

Section 18–4–414(2), to which defendant refers, provides that, in determining value, "[h]earsay evidence shall not be excluded...."

However, here, there is no indication in the testimony that the witness was testifying from other than his own personal knowledge. And, even if it is assumed that his testimony with respect to the sales of the other two vehicles was not based on such knowledge, that testimony was not hearsay and was not received under the statute.

CRE 703 provides that an expert's opinion may be based upon facts and materials that are of a type reasonably relied upon by experts in the particular field of expertise; such materials need not be admissible in evidence.

■ Further, an expert witness is permitted to describe the bases for the opinion given. *Houser v. Eckhardt,* 168 Colo. 226, 450 P.2d 664 (1969). Indeed, CRE 705 *requires* such a witness "to disclose the underlying facts or data on cross-examination."

Under CRE 703, therefore, an expert may rely upon statements or reports of other persons, and he or she may describe those materials. However, such description is not submitted for the truth of the materials' assertion; they are offered only to explain the witness' opinion. Hence, they are not hearsay. CRE 801(c); *Houser v. Eckhardt, supra*, 168 Colo. at 233, 450 P.2d at 668 ("[W]hen presented for this purpose, the statements are not evidence of the matters stated, and hence are not hearsay, but are merely explanatory of the opinion, enabling the jury to weigh it in the light of its basis.").

■ An appropriate and recognized method of determining the value of an item of property, whether personalty or realty, is to review the price at which "comparable" items have been sold. Hence, evidence of such sales may be admitted for direct consideration by the factfinder. Such information, however, may also be referred to merely to establish the basis for an expert opinion. *See Goldstein v. Denver Urban Renewal Authority*, 192 Colo. 422, 560 P.2d 80 (1977); *Wassenich v. City & County of Denver*, 67 Colo. 456, 186 P. 533 (1919).

Here, therefore, it is uncontested that information with respect to the sales of other vehicles of the same or similar type and in a comparable condition is *that type of information* relied upon by experts to reach an opinion as to value. An expert witness may, therefore, base an opinion upon such information, and whether that information is accurate or not affects the weight to be given the witness' opinion. Because the information itself is not offered for its truth or as direct proof of value, no issue of confrontation is presented.

Hence, no error occurred in the receipt of the opinion of the expert witness here, and similar testimony would be appropriate on retrial.

The judgment is reversed, and the cause is remanded for a new trial.

DAVIDSON and ROTHENBERG, JJ., concur.