The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Deborah A. **PRICE**, Defendant–Appellant.

No. 96CA2194.

Colorado Court of Appeals, Div. II.

July 9, 1998.

Rehearing Denied Aug. 27, 1998.

Certiorari Denied Jan. 11, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Bret M. Heidemann, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

David F. Vela, Colorado State Public Defender, Joan E. Mounteer, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

Opinion by Judge NEY.

Defendant, Deborah A. Price, appeals the judgment of conviction entered on a jury verdict finding her guilty of one count of theft. We affirm.

At trial, the prosecution presented the testimony of the victim, a small business owner and defendant's former employer, that defendant had stolen in excess of $44,000 from the business over a two-year period by falsifying invoices to inflate her commission payments. On cross-examination, the victim conceded that his determination of the total amount taken was dependent on the accuracy of his calculations. He was then extensively questioned about a number of mathematical errors contained in those calculations. The vast majority of the evidence regarding these mathematical mistakes, however, simply noted the existence of an error without specifying the amount of money involved. Further, the defense did not present a number representing the net total of the errors.

Defendant, testifying on her own behalf, testified that several times a week she had delivered packages, which she believed to contain contraband, for the victim. While she conceded that she had falsified the books, defendant contended that she did so with the victim's authorization to make it appear that payments for her courier services were actually legitimate business commissions.

Defendant contended that, since she acted with the victim's consent, she did not "steal a dime" from the business. When asked whether she had any substantial disagreement with the amount of the overpayments, defendant stated, "[I could n]ickel and dime it to death, but no. Basically, I was paid that amount."

At the instruction conference, defense counsel requested instructions on the lesser included offenses of theft of $400 or more but less than $15,000 and theft of more than $100 but less than $400. *See* Colo. Sess. Laws 1992, ch. 80, § 18–4–401 at 433. He argued that, despite the defendant's concession that the amount was substantially correct, the jury was free to accept some of the evidence regarding the amount taken, while rejecting other portions of it. The trial court refused to give the requested instructions.

## I.

 Defendant contends that the court erred in denying her request to instruct the jury on the lesser included offenses. We disagree.

A defendant is entitled to an instruction on a lesser included offense where there is a "rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." Section 18–1–408(6), C.R.S.1997, *Apodaca v. People,* 712 P.2d 467 (Colo.1985). Thus, the issue is whether the record contained a rational basis for acquitting the defendant of theft of an amount greater than $15,000, but convicting her of either of the lesser offenses.

Here, the prosecution presented evidence that the defendant stole in excess of $44,000. Although the defense demonstrated that there were some errors in the calculations used to derive this figure, they failed to present any evidence of the net amount of the mistakes, or even to assert that such mistakes totaled in excess of $29,000, the minimum amount necessary to present an issue as to whether the charged offense was the proper one. Further, since defendant herself conceded that she was overpaid by roughly the amount contended by the prosecution, the jury was not provided with any

rational basis to acquit her of the offense charged, but convict her of one of the lesser included offenses. Thus, the request was properly denied.

## II.

Defendant next contends that, although she did not object to the theft instruction, the instruction given by the court failed to convey that the culpable mental state of "knowingly" applied to the "without authority" element of the crime and, thus, permitted conviction in the absence of a jury finding on this issue. We agree, but find that no plain error occurred.

 Here, based on *COLJI Crim.* No. 16:01 (1993), and without objection, the court instructed the jury that theft requires that the defendant:

(3) knowingly,

(a) obtained or exercised control over,

(b) a thing of value, to-wit: money

(c) which was the property of [the victim]

(4) without authorization, or by deception . . . .

We agree that this instruction is not a correct statement of the law because it could be interpreted to permit a conviction where the defendant *mistakenly* believed that she was authorized to take the money. *See People v. Bornman,* 953 P.2d 952 (Colo.App.1997).

Since no objection was raised to the instruction, the question before us becomes whether the error amounted to a structural defect requiring reversal *per se,* or whether it was subject to plain error analysis.

 Structural error analysis applies to "structural defects" in the trial which affect "the entire conduct of the trial from beginning to end." Examples of such include the absence of defense counsel, *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); a biased adjudicator, *Tumey v. Ohio,* 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749 (1927); the unlawful exclusion of members of the defendant's race from the grand jury, *Vasquez v. Hillery,* 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986); and the right to a public trial, *Waller v. Georgia,* 467 U.S. 39,

104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). *Arizona v. Fulminante,* 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991).

When such error occurs, plain error analysis does not apply because, absent these structural protections, "a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence." *Rose v. Clark,* 478 U.S. 570, 577–578, 106 S.Ct. 3101, 3105, 92 L.Ed.2d 460, 470 (1986).

■ In contrast, constitutional errors which "occur . . . during the presentation of the case to the jury and which therefore may be quantitatively assessed in the context of other evidence presented" are subject to plain error analysis. *Arizona v. Fulminante, supra,* 499 U.S. at 307–308, 111 S.Ct. at 1264, 113 L.Ed.2d at 330 (1991).

Our supreme court has held that structural error occurs when the court entirely removes an element of the offense charged from the jury's consideration, thus functionally directing a verdict as to that element. *People v. Vance,* 933 P.2d 576 (Colo.1997)(removing from jury consideration substantive element of the false statement supporting a perjury charge deprived the defendant of the right to require proof beyond a reasonable doubt of each element and, thus, is structural error).

■ In contrast, where each element is placed before the jury, but the instruction could be construed to permit conviction absent a finding on a factual element and there is no objection by defendant, the plain error standard applies. *People v. Rodriguez,* 914 P.2d 230 (Colo.1996)(plain error standard applicable where, although complicity instruction, in isolation, would have permitted conviction as an accomplice to murder even if defendant had only been aware of principal's intent to assault, the verdicts, when read together, necessarily reflected finding that defendant had agreed to the murder); *Bogdanov v. People,* 941 P.2d 247 (Colo.1997)(absent objection, same complicity instruction analyzed under plain error standard despite the absence of other verdicts necessarily reflecting a factual finding on the missing element).

The application of the plain error standard to these issues is not meant to denigrate the constitutional principle involved. Rather, it is a recognition that the principle underlying the rule that the prosecution must prove each element beyond a reasonable doubt is "to ensure that only the guilty are criminally punished." *Rose v. Clark, supra,* 478 U.S. at 580, 106 S.Ct. at 3107, 92 L.Ed.2d at 472. Thus, where, under the circumstances of the case as a whole, the error inherent in the instruction could not possibly have manifested itself, the error cannot be deemed structural.

■ Defendant contends that the instruction given in this case removed from the jury the issue of whether she knew that she was not authorized to take the money. Accordingly, defendant argues that the instruction permitted conviction in the absence of a jury finding on one of the elements, thus violating her constitutional right to due process. Further, she contends that the error is structural, and that under *People v. Vance, supra,* reversal is necessarily required.

We, however, find *Vance* distinguishable. Here, the court did not direct a verdict as to any element of the crime. Rather, the court submitted the "knowingly, without authorization" issue to the jury, albeit in a form that could have been construed to permit conviction even if the defendant mistakenly believed that she was authorized. Thus, the error was not structural and it was incumbent on defendant to object if she believed that the instruction had the potential of prejudicing her case in any way. *See Bogdanov v. People, supra.* No such objection was lodged. *Cf. People v. Bornman, supra.* Thus, the plain error standard applies.

■ A review of the evidence presented in this case reveals that there was virtually no chance that this misinterpretation could have played any role in the verdict. Here, the jury was presented with two factual scenarios, either the defendant *was* authorized to take the money, or she knew that she acted without authority. No theory of mistaken belief of authority was presented. Thus, the improper basis for a conviction that was implicit in the instruction could not have manifested itself. Accordingly, the defect in the

challenged instruction did not rise to the level of plain error.

Judgment affirmed.

CRISWELL and BRIGGS, JJ., concur.