The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Nathan R. HALL, Defendant–Appellant.

No. 01CA0363.

Colorado Court of Appeals, Div. IV.

Oct. 10, 2002.

Ken Salazar, Attorney General, Lauren Edelstein Park, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Heckman & O'Connor, P.C., Brett Steven Heckman, Edwards, Colorado, for Defendant–Appellant.

Opinion by Judge VOGT.

Defendant, Nathan R. Hall, appeals the judgment of conviction entered on a jury verdict finding him guilty of criminally negli-

gent homicide and two petty offenses. We affirm.

While skiing down Vail mountain, defendant collided with another skier, who died as a result of the collision.

Defendant was charged with reckless manslaughter, possession or consumption of alcohol by a minor, and possession of one ounce or less of marijuana. The manslaughter charge was initially dismissed on a finding of no probable cause, but the supreme court reversed the dismissal and remanded the case for trial. *People v. Hall,* 999 P.2d 207 (Colo.2000).

At trial, the court granted the prosecutor's request for a jury instruction on the lesser included offense of criminally negligent homicide. It denied defendant's request for an instruction on reckless endangerment, reasoning that an instruction on that offense was unwarranted because the victim had died. The jury found defendant not guilty of reckless manslaughter but guilty of criminally negligent homicide, as well as the two petty offenses.

 Defendant's sole contention on appeal is that the trial court erred in refusing to instruct the jury on reckless endangerment as either a lesser included or a lesser nonincluded offense of reckless manslaughter. He argues that, because the nature of the risk he allegedly disregarded was in dispute, the jury should have been permitted to convict him of disregarding a risk of injury but not a risk of death. We are not persuaded.

A person commits the crime of manslaughter if he or she "recklessly causes the death of another person." Section 18–3–104(1)(a), C.R.S.2002. A person commits reckless endangerment if he or she "recklessly engages in conduct which creates a substantial risk of serious bodily injury to another person." Section 18–3–208, C.R.S.2002.

 In determining a defendant's entitlement to an instruction on a lesser offense, whether the lesser offense is included or not included in the greater charged offense is not dispositive. In either event, the defendant is entitled to an instruction on the lesser offense as long as there is a rational basis in the evidence to support a verdict acquitting the defendant of the greater offense and convicting him or her of the lesser. *People v. Garcia,* 940 P.2d 357 (Colo.1997); *People v. Skinner,* 825 P.2d 1045 (Colo.App.1991).

In considering defendant's request for a reckless endangerment instruction here, the trial court recognized that the standard set forth above applies regardless of whether the offense was a lesser included or a lesser nonincluded offense of reckless manslaughter. It then concluded that this standard was not met. Because it was conceded that defendant caused the victim's death, the facts could not support a conviction of reckless endangerment even if defendant were acquitted of reckless manslaughter.

The trial court's conclusion accords with *People v. Cauley,* 32 P.3d 602 (Colo.App. 2001), in which a division of this court held that it was not error to refuse to instruct on the lesser nonincluded offense of reckless endangerment in a case involving child abuse resulting in death. The division reasoned:

> Death is not an element of reckless endangerment. Because it was undisputed that defendant's actions caused the death of his daughter, reckless endangerment does not accurately describe his actions. Consequently, there is no rational basis upon which the jury could have acquitted defendant of child abuse resulting in death and convicted him of reckless endangerment, and the trial court did not err in refusing defendant's instruction.

*People v. Cauley, supra,* 32 P.3d at 609.

Similarly, another division of this court held, in *People v. Hauschel,* 37 Colo.App. 114, 550 P.2d 876 (1975), that it was not error to refuse a tendered instruction on the lesser offense of reckless endangerment where it was undisputed that the assault was committed with a deadly weapon and that bodily injuries were inflicted on both victims. In such circumstances, the division concluded, the evidence could not rationally permit an acquittal of first degree assault and a conviction of reckless endangerment.

Although defendant argues that *Cauley* was wrongly decided, its conclusion, like that in *Hauschel,* is consistent with other Colora-

do cases holding that there is no right to a jury instruction on a lesser offense if the element that distinguishes the greater from the lesser offense is uncontested. In such circumstances, the jury cannot rationally acquit the defendant of the greater offense and convict him or her of the lesser. *See Apodaca v. People*, 712 P.2d 467 (Colo.1985)(instruction on lesser included offense of attempted second degree kidnapping properly refused where undisputed evidence established completed crime of second degree kidnapping); *Graham v. People*, 199 Colo. 439, 610 P.2d 494 (1980)(defendant not entitled to theft instruction where his own testimony established that he had committed the greater offense of simple robbery); *People v. Lucas*, 992 P.2d 619 (Colo.App.1999)(defendant charged with robbery and first degree murder was not entitled to instruction on lesser nonincluded offense of assault where uncontroverted evidence established robbery); *People v. Price*, 969 P.2d 766 (Colo.App. 1998)(no rational basis for acquitting defendant of theft of amount greater than $15,000 but convicting her of theft of lesser amount where amount stolen concededly was in excess of $15,000); *People v. Moore*, 902 P.2d 366 (Colo.App.1994)(where evidence showed defendant's blows contributed to victim's death, there was no rational basis to convict of third degree assault and acquit of manslaughter), *aff'd*, 925 P.2d 264 (Colo.1996); *People v. Ortega*, 899 P.2d 236 (Colo.App. 1994)(where evidence undisputed that defendant was in custody, no rational basis to acquit of second degree assault and convict of obstructing a police officer); *see also People v. Ramirez*, 18 P.3d 822, 827 (Colo.App.2000)(instruction on third degree assault properly refused where record could not support finding that assault was accompanied merely by criminal negligence; "the mere chance that a jury may reject uncontroverted testimony and convict on the lesser charge does not require the trial court to instruct the jury on the lesser charge"); *People v. Rea*, 7 P.3d 995 (Colo.App.1999)(trial court properly refused to instruct on lesser nonincluded offense that did not apply to defendant's conduct).

Under these cases and *Cauley*, with which we agree, it was not error for the trial court here to refuse to instruct on reckless endangerment where it was undisputed that a death had occurred as a result of defendant's conduct. Reckless endangerment did not "accurately describe [defendant's] actions," *see People v. Cauley, supra*, and there was no rational basis upon which the jury could have acquitted him of reckless manslaughter and convicted him of reckless endangerment.

The cases on which defendant relies do not warrant a contrary conclusion. In *Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973), the Supreme Court held that an American Indian prosecuted in federal court under the Major Crimes Act was entitled to a jury instruction on a lesser included offense even though the lesser offense was not one of the crimes enumerated in the Act. However, in *Keeble*, the defendant was not charged with and did not concede causing death, and the government explicitly conceded that any non-Indian who had committed the same act and requested the instruction would have been entitled to it.

Although the court held in *United States v. Pino*, 606 F.2d 908 (10th Cir.1979), that a defendant convicted of involuntary manslaughter was entitled to an instruction on the lesser included offense of careless driving, it does not appear from the court's opinion that the government argued that instructing on the lesser offense was improper because a death had occurred. None of the other cases on which defendant relies involves a request for a jury instruction on a lesser offense not having death as an element in a situation where the defendant concededly caused the victim's death.

We also note that, even under defendant's theory that he disregarded only a risk of injury, he would be guilty of at least a reckless assault on the victim. *See* § 18–3–204(1), C.R.S.2002 (recklessly causing bodily injury to another). Because there is no rational basis in the evidence to acquit of an assault and convict simply of reckless endangerment, defendant was not entitled to an

instruction on reckless endangerment. *See Graham v. People, supra.*

Finally, defendant argues for the first time in his reply brief that the trial court's ruling violated his due process rights. Because this argument was not raised before the trial court or in his opening brief, we do not consider it. *See People v. Cagle,* 751 P.2d 614 (Colo.1988); *People v. Czemerynski,* 786 P.2d 1100 (Colo.1990).

The judgment is affirmed.

Judge DAVIDSON and Judge DAILEY concur.