25CA2216 Peo in Interest of TS 06-04-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA2216
Moffat County District Court No. 25JV30006
Honorable Brittany A. Schneider, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of T.S., a Child,

and Concerning J.S.,

Appellant.

---

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE HARRIS
Tow and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 4, 2026

---

Max Salazar, County Attorney, Alison D. Casias, Special Assistant County Attorney, Dillon, Colorado, for Appellee

Nichole Marie Cristee, Guardian Ad Litem

John F. Poor, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant

¶ 1     J.S. (father) appeals the judgment adjudicating T.S. (the child) dependent or neglected.  We affirm.

## I.     Background

¶ 2     In July 2025, the Moffat County Department of Human Services filed a petition in dependency or neglect, alleging substance use in the home, domestic violence between the parents, and lack of proper supervision of the child, who was four years old at the time.  Among other things, the Department alleged that the caseworker had observed mother with a black eye and that the child had told the caseworker that his parents hit each other.

¶ 3     Mother admitted to the allegations, but father denied them and asked for a jury trial.  The juvenile court held a trial over three days in September 2025.  After hearing the evidence, the jury found that the Department had proved the allegations by a preponderance of the evidence.  The court sustained the petition and adjudicated the child dependent or neglected.  After a dispositional hearing, the court adopted a treatment plan for father.

## II.     Child Hearsay

¶ 4     Father asserts that the juvenile court erred by (1) admitting the child's hearsay statements and (2) failing to give the jury a

1

cautionary instruction on child hearsay. We discern no reversible error.

A. Applicable Law and Standard of Review

¶ 5 Hearsay is an out-of-court statement "offered in evidence to prove the truth of the matter asserted." CRE 801(c). Generally, hearsay is inadmissible, except as provided for by a rule or statute. CRE 802.

¶ 6 Section 13-25-129, C.R.S. 2025 (the child hearsay statute), creates an exception for hearsay statements made by children. Under the child hearsay statute, the juvenile court may admit out-of-court statements made by a child "if the court finds in a pretrial hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability." § 13-25-129(5)(a).

¶ 7 The supreme court has provided a nonexhaustive list of factors for a court to consider when deciding whether to admit a statement under the child hearsay statute. These factors include (1) whether the statement was spontaneous; (2) whether the statement was made while the child was still upset or in pain from the alleged abuse; (3) whether the language was likely to have been

2

used by a child of the victim's age; (4) whether the allegation was made in response to a leading question; (5) whether the child victim or the hearsay witness had a bias against the defendant or any motive to lie; (6) whether intervening events could account for the statement; (7) whether more than one person heard the statement; and (8) the general character of the child victim. *People v. District Court*, 776 P.2d 1083, 1089-90 (Colo. 1989).

¶ 8    The child hearsay statute requires the juvenile court to give the jury a written instruction whenever child hearsay evidence is admitted. *See* § 13-25-129(6). The instruction should inform the jury that (1) it must "determine the weight and credit to be given" to a child hearsay statement and (2) in doing so, it must "consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factor." *Id.*

¶ 9    We review the juvenile court's decision to admit child hearsay for an abuse of discretion. *People v. Phillips*, 2012 COA 176, ¶ 91. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or based on an erroneous

understanding or application of the law. *People in Interest of M.W.*, 2022 COA 72, ¶ 32.

## B.    Additional Background

¶ 10    Before trial, the Department moved to admit out-of-court statements the child made to the caseworker during her initial investigation. The Department alleged that the child had told the caseworker the following: "My mom and daddy fight when they yell in the bedroom. My mom hits my daddy, and my daddy hits my mom." Mother objected to the admission of the child hearsay statements and requested a hearing.

¶ 11    The juvenile court held a pretrial hearing on the motion; at the hearing, father joined in mother's objection. During the hearing, the caseworker testified about the statements the child made to her. After considering the caseworker's testimony, the court determined that there were sufficient safeguards of reliability under section 13-25-129, and it granted the Department's motion to admit the child's hearsay statements. The court also ordered the Department to tender a written jury instruction in compliance with section 13-25-129(6).

¶ 12    At the adjudicatory hearing, the county attorney asked the caseworker whether she spoke with the child "about fighting between his parents." She testified that the child told her that his "parents argue and yell in the bedroom" and that "his mom hits his dad and his dad hits his mom." Despite the court's earlier request, the Department did not tender a cautionary instruction, and the court did not give one to the jury. Father did not object to the lack of an instruction.

## C.    Analysis

¶ 13    In determining whether to admit the child's hearsay statements, the juvenile court considered the factors described above and made relevant findings. The court found that although the child's statements were not spontaneous, they were "elicited during [an] interview utilizing open-ended questions in language the child could and did understand." The court observed that it had not heard any evidence of any "intervening events that could have influenced the child's statements, except, perhaps, [a] conversation between [mother] and [the caseworker] outside the child's bedroom door." However, the court noted that there was no evidence "that this conversation had any effect on [the child]."

¶ 14    Based on the "the child's advanced verbal skills, apparent understanding of the situation, and the ease with which he answered [the caseworker's] questions," the juvenile court determined that "the child's statements were reliable despite not fitting neatly into all the factors." As a result, the court determined that there were sufficient safeguards of reliability, and it admitted the child's statements.

¶ 15    The record supports the juvenile court's findings. *See People v. Thompson*, 2017 COA 56, ¶ 146 (noting that a court does not abuse its discretion by admitting child hearsay when there is an adequate factual basis to support its decision).

¶ 16    At the pretrial hearing, the caseworker testified that she spoke with the child in his room and asked him how mother had gotten a black eye. In response, the child made the statements described above. The caseworker said that the child acted "normal," seemed "very comfortable" speaking with her, and used age-appropriate language. She said that she used "open-ended" questions and that she was trained as a forensic interviewer to do so.

¶ 17    On cross-examination, the caseworker noted that she had spoken with mother before interviewing the child but did not "know

how much of that [conversation the child] heard or understood." She also acknowledged that the child had not made similar statements during a forensic interview but attributed this omission to the child's inability to "focus long enough to stay engaged" at that interview.

¶ 18 On appeal, father asserts that the juvenile court erred because the factors "weighed strongly against admission." For example, he notes that the statements were not spontaneous, were not relayed in the aftermath of an alleged act of abuse, were only heard by the caseworker, and were not repeated during a forensic interview. He also contends that the statements were likely the "product of leading or suggestive questioning" and that the caseworker was "highly motivated to elicit these specific responses."

¶ 19 Father's argument is essentially a request that we reweigh the evidence as it relates to the factors the court considered and reach a different conclusion — i.e., substitute our judgment for that of the juvenile court, something we may not do. *See People in Interest of S.Z.S.*, 2022 COA 133, ¶ 29. Although some factors did not weigh in favor of admitting the child hearsay statements, the court relied on other factors, namely the child's use of age-appropriate language

and the caseworker's open-ended questions, as well as the child's general character. *See Phillips*, ¶ 145 (noting that a child's statements can "still be admitted even if fewer than all factors favoring admission were established"). And because the record supports the court's reliance on these factors, we cannot disturb its decision. *See People v. Trujillo*, 923 P.2d 277, 282 (Colo. App. 1996) (concluding that the court did not abuse its discretion by admitting a statement "made in response to an open-ended question" that the child answered with "age-appropriate language").

¶ 20    Father's additional argument, that the court erred by failing to give the jury a cautionary instruction on child hearsay, is unpreserved and therefore waived. *Caylao-Do v. Logue*, 2025 COA 42, ¶ 32 ("In a civil case, unpreserved issues are deemed waived.").

¶ 21    And we decline father's request to apply the miscarriage of justice exception. That exception is limited to circumstances where the juvenile court's error results in a grossly unfair outcome for the parent. *People in Interest of M.B.*, 2020 COA 13, ¶¶ 23-24. Because father has not explained how the lack of a specific child hearsay credibility instruction resulted in a miscarriage of justice

(particularly when the court gave a general credibility instruction), we see no basis to disregard the waiver.

### III. Admissibility of the Anonymous Report

¶ 22    Father also contends that the juvenile court erred by allowing the caseworker to testify about the anonymous report made to the Department that initiated this case. He argues that admission of this evidence violated his due process rights. As discussed below, we decline to address father's argument because he did not preserve it.

### A. Additional Background

¶ 23    At trial, the caseworker testified about the specific issues raised in the anonymous report. *See* § 19-1-307(2)(e), C.R.S. 2025 (noting that, although a parent may access a report, the identity of the reporter must remain confidential). She noted that the report alleged that the parents used drugs, that father drove under the influence of alcohol with the child in the car, that law enforcement found mother intoxicated in a public restroom, and that the parents engaged in domestic violence.

¶ 24    Father's counsel objected to this line of questioning on hearsay grounds. At a bench conference, the guardian ad litem

(GAL) asserted that the out-of-court statements from the anonymous report were nonhearsay, admissible (1) under CRE 703 as the basis of the caseworker's expert opinion, *see People v. Bornman*, 953 P.2d 952, 956 (Colo. App. 1997) (noting that, under CRE 703, an expert may rely on hearsay in forming an expert opinion and testify to those statements, but the underlying statements cannot be considered for the truth of the matter asserted); or (2) for the effect on the listener, because the caseworker "wouldn't even go to the house or contact the family if the initial screening process didn't require [an] assessment," *see People v. Robinson*, 226 P.3d 1145, 1151-52 (Colo. App. 2009) (noting that informants' statements offered to show their effect on the listening police officers are not hearsay).

¶ 25    Father's counsel then clarified her objection, explaining that she was concerned that the GAL was "bringing in a police report." *See Bernache v. Brown*, 2020 COA 106, ¶¶ 16-17 (noting that a police report is admissible under the exception in CRE 803(8)(B), but the statements made to a police officer "are inadmissible unless they independently meet a hearsay exception"). The GAL explained that her questions related to the anonymous "report that was

screened," not a police report, and father's counsel responded, "[T]hat's the confusion [because] I heard it coming from a police report, not from the [anonymous] report." The GAL said that she would "clarify that," and the juvenile court noted that it was not ruling on the objection, "understanding that you do need to clean that up."

¶ 26 Following the bench conference, the GAL asked a clarifying question about the origin of the report, before asking several more questions about the content of the initial anonymous report. Father's counsel did not raise another objection to this line of questioning. And the juvenile court made no rulings about the admissibility of the statements from the anonymous report.

### B. Analysis

¶ 27 Father asserts on appeal that the juvenile court improperly admitted hearsay statements from the anonymous report. But for a couple of reasons, we conclude that father did not preserve this claim of error.

¶ 28 First, at the bench conference, father's counsel clarified that she was objecting because she believed that the statements came from a police report, not because the statements in the anonymous

report were inadmissible hearsay. *See People v. Ujaama*, 2012 COA 36, ¶ 37 (An issue is unpreserved if an objection or request was made in the juvenile court "but on grounds different from those raised on appeal."). Indeed, after the bench conference, the witness confirmed that she was referring to the anonymous report, and the GAL asked several additional questions about the content of the anonymous report without any objection by father's counsel.

¶ 29 Second, even if father's counsel intended to object to the anonymous report under CRE 703, she did not ask for any relief on that issue. *See Forgette v. People*, 2023 CO 4, ¶ 23 ("[M]erely calling an issue or fact to the court's attention, without asking for any relief, is insufficient to preserve an issue for review."). As a result, the court did not rule on any hearsay objections related to the anonymous report. *See People v. Melendez*, 102 P.3d 315, 322 (Colo. 2004) (To preserve an issue for appeal, a party must give the court "an adequate opportunity to make findings of fact and conclusions of law on [the] issue.").

¶ 30 And, as before, we decline to review the claim of error under the miscarriage of justice exception to preservation because father does not explain why the exception applies.

## IV.  Disposition

The judgment is affirmed.

JUDGE TOW and JUDGE BROWN concur.