The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Michael H. CLIFTON, a/k/a Michael Jermaine Clifton, Defendant–Appellant.

No. 00CA0977.

Colorado Court of Appeals, Div. III.

June 5, 2003.

Ken Salazar, Attorney General, Barbara S. Askenazi, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

The Law Firm of Douglas S. Joffe, Douglas S. Joffe, Theodore B. Peak, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Michael H. Clifton, appeals the judgment of conviction entered on jury verdicts finding him guilty of three counts of kidnapping, two counts of burglary, and three counts of aggravated robbery. He also appeals his sentences. We affirm the judgment and sentences in all respects and remand only to correct an error in the mittimus.

On September 13, 1998, two different video rental stores in Aurora were robbed at gunpoint several hours apart. During the second incident, defendant and his accomplice forced two employees of the video store into a back office and held them at gunpoint. One employee was forced to remain on the floor, while the other employee was ordered to open a safe and turn over the store's money to the robbers.

The People charged defendant with, and he was convicted of, two separate counts of aggravated robbery arising from the second incident. The information named each employee as the victim of a separate offense.

Each of the eight counts filed against defendant was charged as a crime of violence pursuant to § 18–1.3–406(2)(a)(I)(A), C.R.S. 2002, and alleged that defendant used, or possessed and threatened the use of, a deadly weapon during the commission of each crime. The jury found the crime of aggravated robbery in each count was committed by the use of a deadly weapon, but it was not asked to determine whether both incidents were part of an ongoing transaction.

At the sentencing hearing, the trial court found, based on the trial evidence, that both incidents were part of an ongoing transaction. After making that finding, the court concluded it was required under § 18–1.3–406(1)(a), C.R.S.2002, to sentence defendant to consecutive terms of imprisonment. Accordingly, it sentenced him to the minimum crime-of-violence sentence on each count. The court rejected defendant's argument that only one robbery had been committed in the second incident and accepted the People's position that two separate offenses had been committed because the store's money was taken from the presence of the two employees.

I.

On direct appeal, defendant contended, among other things, that his constitutional rights under the Fifth and Fourteenth Amendments were violated because he was charged with and convicted of two counts of aggravated robbery arising from the second incident. He maintained that the two charges arose from the same episode, and only one aggravated robbery could have occurred because there was only one taking.

In *People v. Clifton*, 69 P.3d 81 (Colo.App.2001)(*Clifton I* ), a majority of a panel of this court vacated one conviction of aggravated robbery. Relying on *People v. Borghesi*, 40 P.3d 15 (Colo.App.2001)(*Borghesi I* ), the majority concluded that convicting defendant of two aggravated robbery counts was multiplicitous and ordered the trial court on remand to correct the mittimus accordingly. The judgment and sentences were affirmed in all other respects. The dissenting judge in *Clifton I* agreed with the dissent in *Borghesi I*.

The Colorado Supreme Court later reversed *Borghesi I* in *People v. Borghesi,* 66 P.3d 93 (Colo.2003)(*Borghesi II*). Thereafter, in *People v. Clifton,* 2003 WL 1906360 (Colo. No. 02SC80, Apr. 21, 2003) (*Clifton II*), the court granted the People's petition for certiorari on the multiplicity issue, vacated the judgment in *Clifton I,* and remanded the case to this court for reconsideration in light of *Borghesi II.*

Upon reconsideration, we conclude *Borghesi II* is dispositive of and fatal to defendant's contention, and we are bound by that holding.

## II.

Defendant's remaining contentions were fully addressed in *Clifton I.* Although the supreme court granted the People's petition for certiorari in *Clifton II,* it did so only on the multiplicity issue.

Accordingly, we reaffirm and incorporate herein our prior conclusions in *Clifton I* rejecting defendant's contentions that: (1) the trial court abused its discretion in denying defendant's motions for a mistrial and for a new trial based on prosecutorial misconduct; and (2) based on II *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), defendant's constitutional rights were violated by the trial court's imposition of consecutive sentences pursuant to under § 18–1.3–406(1)(a), C.R.S.2002 (formerly § 16–11–309(1)(a)). *See Harris v. United States,* 536 U.S. 545, 567, 122 S.Ct. 2406, 2419, 153 L.Ed.2d 524 (2002)("Within the range authorized by the jury's verdict ... the political system may channel judicial discretion—and rely upon judicial expertise—by requiring defendants to serve minimum terms after judges make certain factual findings.").

Because defendant did not raise the issue until sentencing, we again do not address his contention that he was prejudiced by the manner in which the prosecution engaged in plea bargaining, nor do we address defendant's ineffective assistance of counsel argument. *See Clifton I.*

The mittimus should be corrected to reflect that defendant's sentences are to be served consecutively.

The judgment and sentences are affirmed, and the case is remanded for correction of the mittimus.

Judge NIETO and Judge HUME * concur.