The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Norman Michael SIMPSON, Defendant–Appellant.

No. 01CA0322.

Colorado Court of Appeals, Div. III.

Nov. 6, 2003.

As Modified on Denial of Rehearing Feb. 26, 2004.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.

**553**

lic Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge HUME *.

Defendant, Norman Michael Simpson, appeals the judgment of conviction entered on a jury verdict finding him guilty of attempted second degree murder, first degree burglary, first degree criminal trespass, and misdemeanor menacing. He also appeals the sentence. We affirm.

In 1998, defendant's ex-wife moved from Kansas to Colorado with the couple's three children without informing defendant where she had moved. In May 1999, defendant discovered her phone number and began to call her repeatedly. Shortly thereafter, he discovered her work phone number and began to call her at work. During several of these conversations, defendant threatened to kill her, and on at least one occasion he threatened to kill their children and himself.

In September 1999, defendant followed his ex-wife to her home. When she pulled into her garage, defendant pulled his car onto the lawn. When she realized that defendant was in the car, she took her children into the house and locked the door. After an altercation with the ex-wife's boyfriend, defendant drove off.

In December 1999, the ex-wife's garage door opener was stolen from her vehicle. She confronted defendant about the garage door opener, and defendant admitted taking it. He also admitted driving her car without her permission.

In January 2000, the ex-wife disconnected her home phone number. On January 11, 2000, at approximately 10:30 p.m., defendant went to her house with a loaded gun. Defendant demanded to be let inside the home, and when she refused, defendant kicked in the door. Defendant pointed the gun at her head. While defendant was in the house, he fired two shots. At least one shot lodged in the wall behind the ex-wife.

Ken Salazar, Attorney General, Katharine J. Gillespie, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Mark G. Walta, Deputy State Pub-

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2003.

## I.

Defendant argues the trial court committed reversible error because: (1) jury instruction No. 17 failed to instruct the jury that for conviction of first degree burglary, the intent to commit a crime must be contemporaneous with the moment of trespass; and (2) the trial court improperly allowed the jury to consider whether defendant unlawfully remained in the dwelling. We disagree.

■ Here, because defendant did not object to jury instruction No. 17 at trial, our review is conducted under the plain error standard. The plain error standard requires the defendant to show that the instruction affected a substantial right and that the record reveals a reasonable possibility that the error contributed to the defendant's conviction. *People v. Lawrence*, 55 P.3d 155 (Colo. App.2001).

■ In a burglary case, the state must prove the defendant had the intent to commit a crime at the time of trespass. *Cooper v. People*, 973 P.2d 1234 (Colo.1999), *disapproved in part by Griego v. People*, 19 P.3d 1, 8 (Colo.2001). Jury instruction No. 17 states, as relevant here, that the state must prove the defendant:

3. knowingly,

4. unlawfully entered or remained in the a building or occupied structure,

5. with intent to commit therein the crime of First Degree Attempted Murder or Menacing, and

6. while in the building or occupied structure,

7. the defendant or another participant in the crime menaced any person, [or]

8. the defendant or another participant in the crime was armed with a deadly weapon.

■ This instruction mirrors the language of the first degree burglary statute, § 18–4–202(1), C.R.S.2003, and the pattern jury instruction, CJI–Crim. 14:01 (1993 Supp.). Elemental instructions framed in the language of the statute are generally sufficient. *People v. Gallegos*, 950 P.2d 629 (Colo.App. 1997).

■ In *People v. Ramirez*, 18 P.3d 822, 827 (Colo.App.2000), a division of this court concluded that " 'entering with intent' necessarily conveys the meaning that the intent accompanies, or coexists with, the moment of trespass as required under *Cooper v. People, supra*." As in *Ramirez*, we conclude that the instruction given here sufficiently conveys that the intent to commit a crime must be contemporaneous with the moment of trespass.

■ Defendant argues that *Ramirez* was · wrongly decided. Specifically, defendant argues that the phrase "enter or remain with intent" is not sufficient to communicate to jurors that the intent must coexist with the moment of trespass, citing *Cooper v. People, supra*, in support of his assertion. In *Cooper*, the trial court gave the stock jury instruction for burglary and then gave a supplemental instruction, which stated that intent to commit a crime could be formed either before or after the defendant's entry into the dwelling. The *Cooper* court held that the supplemental instruction was erroneous. Significantly, the supreme court did not find the stock burglary instruction invalid. When an appellate court intends to modify or invalidate a pattern jury instruction, it will do so using explicit language. *See Bogdanov v. People*, 941 P.2d 247, *amended*, 955 P.2d 997 (Colo.1997).

Defendant also argues that instruction No. 17 is erroneous because it leaves jurors with the impression that if they find that the defendant is guilty of menacing while in the dwelling, then the intent to commit a crime need not be present at the time of trespass. We disagree.

■ The fact that defendant committed menacing while inside the house does not determine whether he formulated an intent to commit a crime at the time of trespass. Here, the instruction explicitly states that, to convict, the jury must find that defendant entered or remained in the dwelling with intent to commit a crime *and* that defendant actually menaced a person while in the dwelling. *See* CJI–Crim. 14:01. Rather than supplanting the intent element, the instruction added an element to the state's burden of proof. Thus, we perceive no error.

■ Defendant also argues that the trial court erred in allowing the jury to consider whether he "unlawfully remained" in the dwelling. Defendant argues that the "unlawfully remained" language should be included in the instruction only if a defendant remains both unlawfully and surreptitiously. We disagree.

Not only is the "surreptitious" requirement absent from Colorado case law, the plain language of § 18–4–202(1) does not require it. *See People v. Lowe,* 60 P.3d 753 (Colo.App.2002)(if the language of the statute is clear, there is no need to resort to other rules of statutory construction). Therefore, the trial court did not err in giving jury instruction No. 17.

Defendant also tacked on a one-sentence footnote in his opening brief asserting that instruction No. 17 amounted to a constructive amendment to the information. That contention was set forth neither in the summary of defendant's argument nor as an issue on appeal in defendant's opening brief as required by C.A.R. 28(a)(1)-(2) and (4). The opening brief did not include any argument beyond the one-sentence assertion and a citation to one case.

We decline to consider a bald legal proposition presented without argument or development, nor will we consider an appellate argument presented for the first time in a reply brief. *See Westrac, Inc. v. Walker Field,* 812 P.2d 714 (Colo. App. 1991); *see also United States v. Dunkel,* 927 F.2d 955 (7th Cir. 1991); *Williams v. Eastside Lumberyard & Supply Co.,* 190 F.Supp. 2d 1104 (S.D. Ill. 2001); *People v. Czemerynski,* 786 P.2d 1100, 1107 (Colo. 1990).

## II.

Defendant asserts that the jury's verdicts finding him guilty of both attempted second degree murder and first degree burglary are legally and logically inconsistent. We disagree.

■ Guilty verdicts are legally and logically inconsistent if the existence of an element of one crime negates the existence of a necessary element of the other crime. *People v. Frye,* 898 P.2d 559 (Colo.1995); *People v.*

*White,* 64 P.3d 864 (Colo.App.2002). Here, no such inconsistency exists.

■ First degree burglary requires a finding that defendant trespassed with intent to commit menacing and that while inside, he menaced someone or was armed with a deadly weapon. *See* § 18–4–202(1); *People v. Loomis,* 857 P.2d 478 (Colo.App.1992). Attempted second degree murder requires a finding that defendant knowingly engaged in conduct that was a substantial step toward causing the death of another person. *See* §§ 18–2–101, 18–3–103, C.R.S.2003. A reasonable jury could find that defendant both entered or remained in his ex-wife's home with the intent to menace and, while there, took a substantial step toward causing her death. Thus, we find no inconsistency in the jury's verdicts.

## III.

Defendant asserts there was insufficient evidence to support the jury's finding of attempted second degree murder beyond a reasonable doubt. We disagree.

When the sufficiency of evidence is challenged on appeal, the reviewing court must determine whether the evidence, viewed as a whole and in the light most favorable to the prosecution, is sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt. *Kogan v. People,* 756 P.2d 945 (Colo.1988).

■ Here, there is ample evidence in the record to support a jury finding of attempted second degree murder. Defendant had threatened his ex-wife's life on several occasions. Defendant went to her house, late at night, armed with a weapon. Defendant pointed the gun at her head and fired at least one shot that lodged in the wall behind her. The jury's verdict thus is supported by sufficient evidence and will not be disturbed.

## IV.

Defendant also argues the trial court committed reversible error in failing to instruct the jury regarding a lesser nonincluded offense. We disagree.

The defendant is entitled to an instruction on a lesser offense, included or nonincluded, as long as there is a rational basis in the evidence to support a verdict acquitting the defendant of the greater offense and convicting him or her of the lesser. *People v. Garcia*, 940 P.2d 357 (Colo.1997); *People v. Skinner*, 825 P.2d 1045 (Colo.App. 1991).

Defendant requested an instruction on the crime of illegal discharge of a firearm, § 18–12–107.5, C.R.S.2003. That statute penalizes "[a]ny person who knowingly or recklessly discharges a firearm into any ... occupied structure." That statute, enacted in 1993, was intended to punish random drive-by and walk-by gunfire directed at occupied structures or vehicles from outside such premises or vehicles. *See* Hearings on S.B. 93–48 before the Senate Judiciary Committee, 59th General Assembly, First Session (Feb. 1, 1993); Hearings on S.B. 93–48 before the House Judiciary Committee, 59th General Assembly, First Session (Mar. 9, 1993).

Here, defendant was inside the ex-wife's dwelling before he fired the shots at or near her head. There is no evidence indicating that shots were randomly fired from outside the premises as contemplated for a violation of § 18–12–107.5.

## V.

Defendant asserts that the trial court erred in denying his motions for mistrial based on the asserted misconduct of the prosecutor, witnesses, and trial spectators. We perceive no error.

A mistrial is a drastic remedy. The trial court has broad discretion to grant or deny a motion for mistrial. A reviewing court will not disturb a trial court's decision absent gross abuse of discretion and prejudice to the defendant. Moreover, a mistrial is warranted only where the prejudice to the defendant cannot be remedied by other means. *People v. Abbott*, 690 P.2d 1263 (Colo.1984).

Here, the trial court did not observe any inappropriate behavior, but after hearing complaints of misconduct from both the prosecution and defense, it admonished all participants to conduct themselves professionally. The trial court did not abuse its discretion by relying on its own observations rather than reports from other participants. *See People v. Blackmon*, 20 P.3d 1215 (Colo.App.2000). In addition, nothing in the record indicates that the jurors observed any misconduct by counsel that would warrant a mistrial.

Similarly, defendant's contentions that improper testimony elicited from the victim and from a police detective warranted a mistrial are not supported by the record. The victim's references to defendant's prior acts and conduct were innocuous and, taken in context, cannot be considered sufficiently prejudicial to defendant to warrant a mistrial. The detective's testimony that the reasons for defendant's arrest included a prior warrant was responsive to a question asked by defense counsel on cross-examination. When the court offered a curative instruction, defense counsel declined, stating that he was not sure the jury had heard the reference to a warrant. Under these circumstances, we agree that any prejudice to defendant was inconsequential and did not warrant a mistrial.

## VI.

Defendant contends that the trial court erred in denying his motion to dismiss based on destruction of evidence. Defendant asserts that the police destroyed evidence by failing to (1) conduct gunshot residue testing on the wall or on the victim, (2) record with measurements and pictures the exact location of the bullet holes, and (3) conduct testing that would have provided the bullets trajectories. We are not persuaded.

To demonstrate that the state's failure to preserve potentially exculpatory evidence violated the Due Process Clause of the United States or Colorado Constitution, a defendant must establish that (1) the evidence was destroyed by the prosecution; (2) the evidence possessed exculpatory value that was apparent before it was destroyed; and (3) the defendant was unable to obtain comparable evidence by other reasonably

available means. *People v. Enriquez,* 763 P.2d 1033 (Colo.1988).

■ Initially, the police were investigating a burglary, in which the positions of and distance between the ex-wife and defendant would not have been readily material. Only later, when police learned that the gun had been pointed at the ex-wife's head and she had heard the first shot go by her ear, were attempted murder charges considered. At that time, gunpowder residue evidence was not available. Although the second bullet hole was too damaged to be useful, police and the defense expert were able to conduct trajectory calculations regarding the first bullet hole.

■ Failure to preserve useful evidence does not constitute a due process violation absent a showing of bad faith on the part of the police. *See People v. Wyman,* 788 P.2d 1278 (Colo.1990). Because defendant failed to establish either that the police officers acted in bad faith in failing to preserve evidence or that the evidence had apparent exculpatory value before it was destroyed, the trial court did not err in denying defendant's motion to dismiss. *See People v. Greathouse,* 742 P.2d 334 (Colo.1987).

## VII.

Defendant attacks the enhancement of his sentence because (1) the jury was not instructed with specific interrogatories regarding crimes of violence, and (2) *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), prohibits enhancement of his sentence for facts not pleaded and proved to a jury beyond a reasonable doubt. We reject these arguments.

■ " 'Crime of violence' means any of the crimes specified ... committed, conspired to be committed, or attempted to be committed by a person during which, or in the immediate flight therefrom, the person: (A) Used, or possessed and threatened the use of, a deadly weapon...." Section 18–1.3–406(2)(a)(I), C.R.S.2003 (formerly § 16–11–309).

Defendant was charged with two violent crime counts related to first degree burglary and attempted murder. During the jury instruction conference, defense counsel stipulated that a separate interrogatory regarding a crime of violence was not necessary, and defendant refused the court's offer of a separate crime of violence instruction. Under these circumstances, defendant cannot now complain that he is prejudiced by the absence of the separate instruction. *See People v. Zapata,* 779 P.2d 1307 (Colo.1989).

Finally, *Apprendi v. New Jersey, supra,* does not apply to sentences within statutorily authorized maximums. *See People v. Clifton,* 74 P.3d 519 (Colo.App.2003), *reaff'g in part* 69 P.3d 81 (Colo.App.2001).

The judgment and sentence are affirmed.

Judge MARQUEZ and Judge DAILEY concur.