24CA0622 Peo in Interest of IRS 10-17-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0622
Adams County District Court No. 23JV30064
Honorable Emily Lieberman, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of I.R.S., a Child,

and Concerning E.V.M.,

Appellant.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE TAUBMAN*
Dunn and Navarro, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 17, 2024

---

Heidi Miller, County Attorney, Meredith Karre, Assistant County Attorney, Westminster, Colorado, for Appellee

Debra W. Dodd, Guardian Ad Litem

Lindsey Parlin, Office of Respondent Parents' Counsel, Denver, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    In this dependency and neglect proceeding, E.V.M. (mother) appeals the juvenile court's judgment terminating her parent-child legal relationship with I.R.S. (the child).  We affirm.

## I.    Background

¶ 2    In March 2023, the Adams County Human Services Department (Department) received reports of domestic violence, substance use, and mother's arrest and incarceration.  Based on those concerns, the Department initiated a dependency and neglect proceeding.

¶ 3    Mother admitted the allegations in the petition, and the child was adjudicated dependent and neglected.  The juvenile court then adopted a treatment plan for mother.

¶ 4    Later, the Department moved to terminate parental rights.  A termination hearing was held, and at the conclusion of the hearing, the court granted the motion.

## II.    Reasonable Efforts

¶ 5    Mother's sole contention on appeal is that the juvenile court erred by finding the Department made reasonable efforts to rehabilitate her and reunite her with the child.  We discern no error.

## A.    Standard of Review

¶ 6    Whether a department of human services satisfied its obligation to make reasonable efforts is a mixed question of fact and law. *People in Interest of A.S.L.*, 2022 COA 146, ¶ 8. We review the court's factual findings for clear error but review de novo its legal determination based on those findings as to whether the department satisfied its reasonable efforts obligation. *Id.*

¶ 7    The credibility of the witnesses and the sufficiency, probative effect, and weight of the evidence, as well as the inferences and conclusions to be drawn from it, are matters within the court's discretion. *People in Interest of A.J.L.*, 243 P.3d 244, 249-50 (Colo. 2010).

## B.    Applicable Law

¶ 8    The juvenile court may terminate parental rights if it finds, by clear and convincing evidence, that (1) the child was adjudicated dependent and neglected; (2) the parent has not complied with an appropriate, court-approved treatment plan or the plan has not been successful; (3) the parent is unfit; and (4) the parent's conduct or condition is unlikely to change in a reasonable time. § 19-3-604(1)(c), C.R.S. 2024.

¶ 9 The department of human services must make reasonable efforts to rehabilitate parents and reunite families before a court may terminate parental rights pursuant to section 19-3-604(1)(c). *See* §§ 19-3-100.5(1), 19-3-604(2)(h), C.R.S. 2024. Reasonable efforts means the "exercise of diligence and care" for children who are in out-of-home placement. § 19-1-103(114), C.R.S. 2024. Services provided in accordance with section 19-3-208, C.R.S. 2024, satisfy the reasonable efforts standard. § 19-1-103(114).

¶ 10 Among those services required under section 19-3-208 are screening, assessments, and individual case plans for the provision of services; home-based family and crisis counseling; information and referral services to available public and private assistance resources; family time services; and placement services. § 19-3-208(2)(b).

¶ 11 In deciding whether a department has satisfied its reasonable efforts obligation, the juvenile court should consider whether the provided services were appropriate to support the parent's treatment plan. *People in Interest of S.N-V.*, 300 P.3d 911, 915 (Colo. App. 2011). But the parent is ultimately responsible for using those services to obtain the assistance needed to comply with

the treatment plan.  *People in Interest of J.C.R.*, 259 P.3d 1279, 1285 (Colo. App. 2011).  And the court may consider a parent's unwillingness to participate in treatment when determining whether a department made reasonable efforts.  *See People in Interest of A.V.*, 2012 COA 210, ¶ 12.

### C.    Analysis

#### 1.    Preservation

¶ 12    Mother and the Department assert this issue was preserved. The guardian ad litem argues mother did not preserve this claim for appeal.  We need not decide this issue because, even if we assume mother preserved her claim, we discern no reversible error.

#### 2.    Department's Referrals

¶ 13    Mother argues the Department did not make subsequent referrals after the original referrals had lapsed.

¶ 14    The juvenile court found that reasonable efforts had been made and additional referrals would have been made "had [m]other simply just said, 'I'm ready.'  And so the lack of recent referrals after the close [of the prior referrals] was appropriate given the lack of communication . . . ."

¶ 15    The record shows mother's near complete failure to engage with the provisions of her treatment plan and communicate with the Department, not the Department's lack of efforts, prevented her from accessing additional referrals and services. *See id.*

¶ 16    The caseworker testified she made multiple referrals for mother pursuant to her treatment plan, including three for inpatient treatment, a dual diagnosis evaluation, substance use monitoring, family time supervision, a nurturing parenting group, and a life skills worker. Nevertheless, mother never engaged with most of the services and was largely not in contact with the Department. The caseworker additionally testified mother had only engaged in family time with the child between one and three times throughout the case, had last talked to the child on the phone six months prior to the termination hearing, and though she had engaged in inpatient treatment, she left the program early twice and never completed it.

¶ 17    While most of the referrals ultimately lapsed, the caseworker testified — and the court found credible — that had mother simply called the caseworker and indicated she was ready to re-engage,

additional referrals would have been quickly submitted and mother would have been able to access the services.

¶ 18 Mother also argues the "Department didn't provide [her] with several services identified in section 19-3-208(2)(b)." However, she fails to further describe or sufficiently argue what services were allegedly not provided. *See People v. Simpson*, 93 P.3d 551, 555 (Colo. App. 2003) ("We decline to consider a bald legal proposition presented without argument or development").

¶ 19 Because the record supports the juvenile court's factual findings, we discern no error in the court's reasonable efforts determination.

### III. Disposition

¶ 20 The judgment is affirmed.

JUDGE DUNN and JUDGE NAVARRO concur.